353 So.2d 344 (1977)
Portia Brown JACKSON et al.
v.
The EAST BATON ROUGE PARISH INDIGENT DEFENDER'S BOARD et al.
No. 11599.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused February 17, 1978.
Robert C. Williams, Baton Rouge, of counsel for plaintiff-appellant, Portia Brown Jackson, et al.
*345 Samuel R. Cicero, Baton Rouge, of counsel for defendant-appellee, The East Baton Rouge Parish Indigent Defender's Board, et al.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This case involves the right of a governmental employer to dismiss an unclassified employee without cause.
Plaintiff, Hazel Smith Williams, was employed as a secretary and plaintiff, Portia Brown Jackson, was employed as a secretary-bookkeeper, for the East Baton Rouge Parish Indigent Defender's Board. Plaintiffs alleged that they were discharged on January 3, 1977, for no cause shown, and they seek reinstatement to their former positions of employment as well as back pay and allowances, including reasonable attorney fees and damages. The defendants, The East Baton Rouge Parish Indigent Defender's Board and its director, Alton Moran, filed an exception of no cause of action which was sustained by the Trial Judge dismissing plaintiffs' suit.
In their appeal, plaintiffs contend that the Trial Judge erred in sustaining the exception as well as in ruling that the Board as a governmental entity had "unbridled discretion" to terminate employment at will and without cause.
LSA-C.C. art. 2747 provides:
"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
Absent any specific statutory requirement or contractual agreement regulating the employment relationship of the parties, termination is at the will of either party, and in the case of a governmental entity, termination is at the will of the appointing officer, provided no restraints are placed on his power. Hamilton v. Louisiana Health and Human Resources Administration, 341 So.2d 1190, (La.App. 1st Cir. 1976), writ refused, 344 So.2d 4 (1977).
Appellants hinge their argument on a denial of due process in not requiring the governmental entity to show a just cause for dismissal and to allow a hearing on the matter. They contend that their employment position is a property right protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
For there to be protection under the Fourteenth Amendment there must first be a property right or interest protectable by the Due Process Clause, however, property rights and interests are not created in the Constitution of the United States but stem from independent sources such as state laws, rules, or understandings which secure certain benefits and support claims of entitlement thereto. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
Appellants fail to allege any legislative act, rule or any understanding between themselves and their employer which creates a property interest protectable by the Fourteenth Amendment. A mere subjective expectancy in continued employment does not in itself create a property interest which would be protected by procedural due process. Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
In addition, appellants failed to allege that the reason for their dismissal was the exercise by them of any rights protected by the United States and/or Louisiana Constitutions.
The Louisiana Supreme Court has held that the pursuit of employment is a property right, West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1967) and Banjavich v. Louisiana Licensing Board for Marine Divers, 237 La. 467, 111 So.2d 505 (1959), however, there is no case holding that a specific employment position is a property right of that employee, absent a showing of any contractual agreement or a legislative act or rule.
*346 Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed; all costs of this appeal to be paid by plaintiffs-appellants.
AFFIRMED.