CUTRER, Judge.
Jerry L. Arceneaux brought this suit against the Jefferson Davis Parish Police Jury and the Jefferson Davis Community Action Association seeking to be reinstated as Executive Director of the Jefferson Da-' vis Community Action Association. From a judgment in favor of the defendants, Ar-ceneaux appeals. We affirm.
The sole issue on appeal is whether the personnel discipline policies and procedures of the Community Action Association are applicable to the termination of the plaintiff as Executive Director of such association.
The undisputed facts giving rise to this issue are as follows: On November 10,1965, pursuant to the Economic Opportunity Act (EOA) of Congress,[1] the Jefferson Davis Parish Police Jury (Police Jury) adopted a resolution agreeing to sponsor the Community Action Program in Jefferson Davis Parish. It designated the Jefferson Davis Community Action Association (CAA) as the agency to work with the Office of Economic Opportunity (later changed to Community Services Administration). On June 1, 1966, plaintiff was appointed as Executive Director of the program.
The provisions of the EOA provide that the management authority of CAA were to be vested in a “governing board” and an “administering board”. The Police Jury was designated as the governing board. The administering board was appointed by the Police Jury. The membership of this board was made up of a cross section of the community along with some members of the Police Jury. The governing board (Police Jury) was the body which set the policies and procedures for the operation of CAA. The “administering board” was a body who carried out the policies and procedures which were delegated to them by the governing board.
As to powers of the governing board, the EOA provides that:
“The powers of every community action agency governing board shall include the power to appoint persons on senior staff positions, to determine major personnel, fiscal and program policies . .”[2] (Emphasis ours.)
Memorandum # 81 issued by the Office of Economic . Opportunity interpreting the above section, states that the powers of the governing board must include the appointment of a staff director of CAA.
By resolution dated April 18, 1969, the Police Jury defined the authority of the administering board and also reserved cer *140 tain powers unto itself. The resolution provided, in part, as follows:

“NOW THEREFORE, BE IT RESOLVED by Jefferson Davis Parish Police Jury, in special session duly called and convened on this 18th day of April, A. D., 1969, that the administering board of the Jeff Davis Community Action Agency shall have complete control over all fiscal, personnel and policy matters, with the exception of the following powers, which the Police Jury reserves to itself, to-wit:

(1) The power to employ and discharge the director and assistant director.”

(Emphasis ours.)
Also, on February 12, 1969, the Police Jury adopted personnel policies which had been prepared by the plaintiff and his staff and approved by the administering board. These personnel policies or guidelines provided the procedure for discipline of employees. The procedure for the discipline of employees is spelled out in detail. Disciplinary action may include any one of five types: verbal warning, reprimand, probation, suspension or termination. Disciplinary action may be appealed to the administering board and from there, it may. be appealed to the executive director. The decision of the executive director is final.
On November 26, 1969, the Police Jury passed another resolution pertaining to the authority of the administering board and again the Police Jury retained the right to employ and discharge an executive director, with no limitations on this power.
On January 24, 1979, the Police Jury terminated Arceneaux’s employment as Executive Director. No prior notice was given to Arceneaux, nor were any reasons given for the discharge. On January 26, 1979, a telegram was received by Pierre Galley, President of the Police Jury, from Norman Reiner, Chief of Operations for the Community Services Administration in Dallas, Texas. This telegram set forth Community Service Administration procedures to be followed in the termination of Arceneaux’s employment. This telegram instructed the Police Jury to set aside its action of January 24th, terminating Arceneaux’s employment, and, if it planned to terminate his employment, the following procedure must be followed:

“1. Notify the administering board of such proposed action.

2. Allow the administering board reasonable time to consider the proposed action in either a regular or special called meeting of that board and to comment on the proposed action. A period of 30 days from notification would seem reasonable.

3. After the above period of time has elapsed, the governing board can take the action whether or not it has received the requested comments.”

Pursuant to these instructions on February 2, 1979, the Police Jury reinstated Ar-ceneaux and requested that the administering board meet to give its recommendation concerning the contemplated termination of Arceneaux’s employment.
On February 9, 1979, the administering board met to consider the termination of Arceneaux. .After discussion, the board was unable to make a recommendation as it was deadlocked with a tie vote. The Police Jury was notified that the administering board would make no recommendation due to its tie vote. On February 14, 1979, the Police Jury terminated Arceneaux’s employment.
This suit followed with Arceneaux contending that his discharge was improper since the Police Jury did not follow the personnel policy procedures of the CAA. The trial judge found that Arceneaux was not subject to the personnel policy procedures since they provide that the executive director was the party responsible for the dismissal of employees, and it would not be tenable to find that Arceneaux’s own consent would be required for his dismissal.
Arceneaux argues on appeal that the trial court erred. He argues that the Police Jury is required to follow the personnel policy in terminating the executive director’s employment since he was an employee of the CAA and entitled to the same protection as the other employees. He argues that even *141 though the policy specifically gives him authority in hiring and firing employees, and thus could not literally be applied to his own case, nevertheless, he is entitled to the same sort of procedural protection as the other employees.
On the other hand, the Police Jury argues that the personnel policy procedures apply only to positions below the executive director and that the policy does not reflect procedures relating to hiring and firing of the executive director. The Police Jury argues that Arceneaux served at the pleasure of the Police Jury.
We agree that the personnel policy did not apply to Arceneaux concerning the procedure of his discharge. The Police Jury, as statutory governing board of CAA, was authorized to, and did reserve unto itself, the power to employ and discharge the director. This reservation of power was explicitly set forth in resolutions adopted by the Police Jury as governing board. It is clear that the Police Jury did not intend to limit its reserved power by making the personnel policy provisions applicable to the plaintiff as executive director.
Further, the personnel policy provisions stated that all disciplinary proceedings against an employee were appealable to the executive director and his decision on the matter would be final. As the trial court stated, it would not be tenable to find that Arceneaux’s consent would be required for his dismissal. Also, the procedures set forth by the CAA were followed by the Police Jury.
Since there were no statutory or contractual regulations, other than those of the Community Services Administration, which were followed, the Police Jury was under no restraint in its power to dismiss Arcen-eaux. In the case of Jackson v. East Baton Rouge Parish, etc., 353 So.2d 344 (La.App. 1st Cir. 1977), writs den., 354 So.2d 1385 (La.1978), the court stated:

“Absent any specific statutory requirement or contractual agreement regulating the employment relationship of the parties, termination is at the will of either party, and in the ease of a governmental entity, termination is at the will of the appointing officer, provided no restraints are placed on his power. Hamilton v. Louisiana Health and Human Resources Administration, 341 So.2d 1190 (La.App. 1st Cir. 1976), writ refused, 344 So.2d 4 (1977).”

We hold that the personnel policy procedures were- not applicable to the discharge of Arceneaux as executive director. The trial court judgment will be affirmed.
For the assigned reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

. 42 U.S.C.A. § 2781, et seq.

. 42 U.S.C.A. § 2791(e).