414 So.2d 352 (1982)
Charles H. JOHNSON, et al
v.
The BOARD OF ELEMENTARY AND SECONDARY EDUCATION and the State of Louisiana, Through the Attorney General.
No. 82-CA-0912.
Supreme Court of Louisiana.
May 17, 1982.
*353 Charles S. McCowan, Jr. and Pamela C. Walker, of Sanders, Downing, Kean & Cazedessus, Baton Rouge, for plaintiff-appellee.
William J. Guste, Jr., Atty. Gen., A. Edward Hardin, John D. Koch, Baton Rouge, for defendant-appellant.
WATSON, Justice.
The issue is whether Act 236 of 1980, which created the Louisiana Teaching and Professional Practices Commission, under the supervision of the Board of Elementary and Secondary Education (B.E.S.E.), is constitutional.
Plaintiffs, the Louisiana Association of Educators and five individual educators,[1] brought suit asking that Act 236 of 1980 be declared unconstitutional. An exception of no right of action, alleging plaintiffs' lack of standing, was overruled by the trial court. The trial court concluded that Section 1340(A) of the Act[2] is invalid insofar as it authorizes the state board, upon recommendation of the commission, to revoke the certificate of a tenured teacher for any reason other than obtaining the certificate through fraud or misrepresentation. The trial court stated that the power to revoke a teaching certificate is tantamount to the right of discharge. Thus, this section contravenes the teacher tenure laws, declared unaffected by the Act in Section 5,[3] and also LSA-Const.1974 Art. 8, § 3(A),[4] which specifies that the B.E.S.E. Board has no control over removal of a school board's employees. The court found that a code of ethics, binding on educators, is also contrary to Article 8, § 3(A) of the Louisiana Constitution *354 and § 5 of the Act, because it infringes upon the exclusive right of those appointing teachers to remove and discipline them. A code of ethics serving only as a guide was approved. The commission's powers to investigate grievances pertaining to educators, conduct hearings, furnish findings of fact and make recommendations, upon request, to local boards concerning educator's contracts, remedial programs, and revocation of certificates were upheld. A direct appeal was made to this court. LSA-Const.1974, Art. 5, § 5(D)(1). At the request of the B.E.S.E. Board, an expedited hearing date was fixed. Louisiana Supreme Court Rule VI, Section 4.
Defendants contend that there is no justiciable controversy because plaintiffs are seeking to protect themselves against the hypothetical possibility of actions against them. LSA-C.C.P. art. 1872 provides:
"A person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."
Clearly, plaintiffs are interested persons whose status as educators is affected by the Act. The judgment sought affects the legal relations between the parties, and the state board and its adjudication serves a useful purpose. The plaintiffs' future conduct will be governed by the Act. Compare Swift v. State, 342 So.2d 191 (La., 1977). Plaintiffs and their association had standing to bring an action for declaratory judgment to contest the constitutionality of a statute which threatens their status as educators and their economic welfare. See LSA-R.S. 17:413, 414. Louisiana Independent Auto Dealers Ass'n v. State, 295 So.2d 796 (La., 1974).
Act 236 of 1980 provides in Section 1340(A) that any educator may have his certificate revoked or suspended by the state board for: obtaining it by fraud or misrepresentation; incompetence; dishonesty, willful neglect of duty; or immorality. The Act also provides in Section 1338(1) that the commission shall have authority to establish a code of ethics which shall represent minimum standards, and "those who practice as educators shall be obligated to abide by said code."
Article 8 of the Louisiana Constitution of 1974 states in Section 3(A) that the State Board of Elementary and Secondary Education (B.E.S.E.) "shall have no control over the business affairs of a parish or city school board or the selection or removal of its officers and employees." Teachers are employees of the local school boards. LSA-R.S. 17:441(1).
Act 236 provides in Section 5 that it shall not affect nor repeal the Louisiana teacher tenure statutes: LSA-R.S. 17:441-445; 17:461-464; 17:531-535; 17:45; 17:231; 17:471; 17:540-544. The Act declares that: "it is not the intent of the legislature to, in any manner, affect the teacher tenure Laws in Title 17." If any provision is irreconcilable, the tenure laws prevail.
A certificate issued by the state board is indispensable to the status of teacher. LSA-R.S. 17:441(1). Prior to the passage of Act 236 of 1980, a tenured teacher could have his or her certificate revoked only if it was obtained through fraud. Under the tenure laws, a permanent teacher may be removed from office only after written charges are made on certain specified grounds and a hearing is conducted by the school board of the parish or city. It is conceded that the state board may still revoke a certificate obtained by fraud or misrepresentation. Fraud or misrepresentation relate back to the original certification and not to conduct as a teacher-employee. It is the latter which is protected by the teacher tenure laws and is under the exclusive control of the local school boards. Decertification of an employed teacher on other grounds effectively discharges that teacher in violation of LSA-Const.Art. 8, § 3(A). Therefore, Section 1340(A) of the Act is unconstitutional insofar as it authorizes the *355 state board, upon recommendation of the commission, to revoke or suspend the certificate of a tenured teacher-employee for any reason other than obtaining the certificate through fraud or misrepresentation. A teacher who is not employed by a local school board and is not protected by the tenure laws would, of course, be subject to decertification by the B.E.S.E. Board.
In oral argument, counsel for the B.E. S.E. board argues that the B.E.S.E. board itself employs teachers who serve as instructors in the vocational-technical schools of the state. The tenure laws affecting these employees are in LSA-R.S. 17:540-544. LSA-R.S. 17:542 provides that those who have permanent status "shall not be removed" except as provided therein. In view of the saving clause in Section 5 of Act 236, which lists LSA-R.S. 17:540-544, these employees of the B.E.S.E. board cannot be otherwise discharged. The specific tenure provisions of LSA-R.S. 17:540-544 prevail over any contrary provisions in Act 236. Section 5, Act 236 of 1980. Indirect removal of these teachers, as through decertification, would be a violation of the tenure statutes protecting them.
The commission is authorized by Section 1338 of the Act to establish a code of ethics for educators, which shall represent minimum accepted standards. "[T]hose who practice as educators shall be obligated to abide by said code." The adoption of such a code of ethics is permissible. Any violation would constitute only the basis for a recommendation by the commission and the state board. A teacher's certificate can not be suspended or revoked by the state board on the basis of a violation of the code of ethics. Appropriate action must be taken by the local employing school board. To the extent that the code of ethics and the other provisions of the statute limit the commission and the state board to the power of recommendation, Act 236 of 1980 is constitutional.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Charles H. Johnson, elementary school principal, Ouachita Parish; Rosia G. Metoyer, librarian, Rapides Parish; Richard E. Vail, teacher, Calcasieu Parish; Jude W. Theriot, assistant principal, Calcasieu Parish; and Jerry Boudreaux, principal, East Baton Rouge Parish.
[2] Section 1340(A) of Act 236 provides:

"Any educator may have his or her certificate or endorsement, or both, or license, or permit revoked or suspended by the state board for the following reasons:
"(1) Obtaining or attempting to obtain a certificate by fraudulent means or through misrepresentations of material facts.
"(2) Incompetency.
"(3) Dishonesty.
"(4) Willful neglect of duty.
"(5) Immorality in the course of activities as a school employee, or affecting a student in the parish of his employment;".
[3] Section 5 of Act 236 provides:

"All laws or parts of laws in conflict herewith are hereby repealed; however, this Act shall neither affect nor repeal the provisions of R.S. 17:441 through R.S. 17:445, R.S. 17:461 through R.S. 17:464, R.S. 17:531 through R.S. 17:535, R.S. 17:45, R.S. 17:231, R.S. 17:471, and R.S. 17:540 through R.S. 17:544, the Louisiana teacher tenure statutes. It is hereby declared that it is not the intent of the legislature to, in any manner, affect the teacher tenure laws in Title 17 by the enactment of this Act. If any provision of this Act is irreconcilable with any provision of said tenure laws the provisions of said tenure laws shall prevail over the provisions of this Act."
[4] LSA-Const.1974 Art. 8, § 3(A) provides:

"The State Board of Elementary and Secondary Education is created as a body corporate. It shall supervise and control the public elementary and secondary schools, vocational-technical training and special schools under its jurisdiction and shall have budgetary responsibility for all funds appropriated or allocated by the state for those schools, all as provided by law. The board shall have other powers, duties, and responsibilities as provided by this constitution or by law, but shall have no control over the business affairs of a parish or city school board or the selection or removal of its officers and employees."