C. Barry AMEDEE

v.

**Sheriff Elmer B. LITCHFIELD, Sheriff of East Baton Rouge Parish.**

Civ. A. No. 87–88–B.

United States District Court,
M.D. Louisiana.

Aug. 31, 1987.

George R. Covert, Charles H. Braud, Jr., Baton Rouge, La., for plaintiffs.

Patricial A. Geier, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the court on motion of the defendant, Sheriff Litchfield for summary judgment. There is no need for oral argument on this motion. For the reasons set forth below, the court finds that the defendant's motion for summary judgment should be granted.

C. Barry Amedee filed this suit after he was terminated from his position as deputy sheriff by the defendant. The plaintiff had served in that position from January 1, 1984 until his suspension on November 20, 1986 and his subsequent termination on

December 8 of that same year. Amedee was terminated on the basis of two unrelated civilian complaints filed against him. No formal hearing was held in regard to these complaints, but the sheriff's office conducted an internal investigation. The plaintiff was also given a polygraph test.

Plaintiff contends that his termination was wrongful. In addition to alleging several state law claims, the plaintiff requests that he be afforded a "name clearing" hearing under 42 U.S.C. § 1983 and the First, Fifth and Ninth Amendments to the United States Constitution. He further alleges that the investigation was not properly conducted and the polygraph was negligently administered.

The only count in the complaint which is based on federal law is contained in Count Five. In this count, plaintiff alleges that "[t]he defendant violated the First, Ninth and Fifth Amendments of the United States Constitution by depriving your petitioner of a name clearing hearing." Paragraph 23 of the complaint. However, in his brief, the plaintiff contends that he had a right to continued employment with the sheriff's office and could only be terminated with cause. Plaintiff's statement appears to assert a claim for the deprivation of a property interest in addition to the liberty interest claim involved with the "name clearing" hearing. Since it is not clear what the precise nature of the plaintiff's claim is, the court will examine both the property and liberty interests of the plaintiff insofar as they relate to the due process claim.

**Property Interest**

■■ Whether a property interest exists must be determined by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982); *Wells v. Hico Independent School District,* 736 F.2d 243, 252 (5th Cir.1984). Under the law of Louisiana, a contract of employment is considered terminable at will unless it is for a certain time. *Overman v. Fluor Constructors,*

*Inc.,* 797 F.2d 217, 218–19 (5th Cir.1986); *Hoover v. Livingston Bank,* 451 So.2d 3, 5 (La.App. 1st Cir.1984); *Jackson v. East Baton Rouge Parish Indigent Defender's Board,* 353 So.2d 344, 345 (La.App. 1st Cir.1977). Plaintiff admits in his brief that Sheriff Litchfield correctly asserts in his affidavit that no contract for a specified term existed. Therefore, plaintiff can only establish a property right if it exists under the statutory law of the state.

Absent any specific statutory requirement of contractual agreement regulating the employment relationship of the parties, termination is at the will of either party, and in the case of a governmental entity, termination is at the will of the appointing officer, provided no restraints are placed on his power. *Hamilton v. Louisiana Health and Human Resources Administration,* 341 So. 2d 1190, (La.App. 1st Cir.1976), *writ refused,* 344 So.2d 4 (1977).

*Jackson, supra,* 353 So.2d at 345. Plaintiff has not cited any authority in support of his contention that plaintiff could only be terminated for cause. It is doubtful that plaintiff could cite any such authority because the law of Louisiana is clear that the plaintiff was simply an "at will" employee of the sheriff's office and had no property interest in that position. Therefore, the plaintiff has failed to state a claim for the deprivation of a property interest under the due process clause if indeed he asserted such a claim in his complaint.

**Liberty Interest**

■■ Even if the plaintiff does have a property interest, plaintiff may be entitled to a meaningful hearing to clear his name under certain circumstances. *Campos v. Guillot,* 743 F.2d 1123, 1126 (5th Cir.1984); *Wells, supra,* 736 F.2d at 256.

To establish a liberty interest, an employee must demonstrate that his governmental employer has brought false charges against him that "might seriously damage his standing and associations in his community," or that impose a "stigma or other disability" that forecloses "freedom to take advantage of other employment opportunities."

*Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707 (1972).

*Wells, Id.* However, if the stigmatizing matter is not made public by the employer in connection with the discharge, no "name clearing" hearing is required. *Campos, supra*, 743 F.2d at 1126.

■ Plaintiff is not entitled to a "name clearing" hearing in this case. Plaintiff has offered no evidence that the defendant published the charges to anyone outside of the investigation. The affidavit of Sheriff Litchfield clearly states that no such publication occurred. Therefore, plaintiff has failed to prove an essential element of his claim. Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) summary judgment is proper.

Even if the plaintiff produced evidence establishing a publication, the plaintiff has failed to show that this incident was "stigmatizing" to deprive him of a liberty interest.

Moreover, for a charge to be stigmatizing it must be worse than merely adverse; it must be such as would give rise to "a 'badge of infamy,' public scorn or the like."

*Wells, supra*, 736 F.2d at 256 n. 16. A simple suspension and dismissal does not constitute a stigma that rises to a violation of due process under the Constitution. Plaintiff has offered no proof how this dismissal will affect his ability to find work or earn a living. Without such evidence, it is impossible for the court to find that the actions of the defendant have impaired the liberty interests of the plaintiff. As noted above, the plaintiff bears the burden of coming forward with some evidence to establish each element of his claim under *Celotex, supra*. The plaintiff has failed to meet this burden.

Because it does not appear from the law or evidence that plaintiff has sustained a deprivation of a liberty interest, plaintiff's claim for relief under the due process clause must be dismissed.

■ Since all of the remaining claims involve state law claims, the court has discretion to dismiss these claims. Since there is no remaining federal claims, this court will exercise its discretion and dismiss the state law claims. It is clear that diversity of citizenship does not exist. Thus, there is no independent federal jurisdiction. This case is still in the very early stages and may clearly be tried in the state courts where state law claims should be tried.

Therefore:

IT IS ORDERED that the summary judgment of defendant be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the claim of the plaintiff alleged in Count Five based on the First, Ninth and Fifth Amendments of the United States Constitution be and each is hereby DISMISSED with prejudice. All of the state law claims are dismissed without prejudice.

Judgment shall be entered accordingly.