626 So.2d 93 (1993)
Dennis COWART, Plaintiff-Appellant,
v.
James E. LEE, Superintendent and Concordia Parish School Board, Defendant-Appellee.
No. 93-270.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
Paul Henry Kidd, Monroe, for Dennis Cowart.
Robert Lloyd Hammonds, Baton Rouge, Norman Magee, Ferriday, for James E. Lee, et al.
Before DOMENGEAUX, C.J., and LABORDE and COOKS, JJ.
LABORDE, Judge.
In this case, plaintiff Dennis Cowart appeals the trial court's decision granting defendants' exception of no cause of action. We reverse the decision of the trial court.

FACTS
Plaintiff Dennis Cowart (Cowart), before having his employment terminated by newly appointed Concordia Parish School Board (School Board) superintendent James E. Lee (Lee), was employed by the School Board as its business manager and purchasing agent, a non-tenured position.
According to plaintiff's petition, in exchange for the school board's offering Lee his position, Lee had to agree to fire Cowart from his position and shuffle a host of other employees. According to Cowart's petition, these moves had nothing to do with effective and/or efficient reorganization, or with a reduction in force, but instead were motivated solely by pure political patronage considerations.
Cowart was dismissed from his position on January 7, 1992 as a result of those changes. On February 7, 1992, Cowart filed suit seeking to be reinstated with back pay to his former position. The sole basis of his complaint *94 resides in LSA-R.S. 17:81.5. Cowart alleges the School Board's dismissal without notice or hearing, coupled with its failure to adopt rules and policies for the dismissal of non-tenured employees pursuant to LSA-R.S. 17:81.5 (requiring the invitation of non-tenured employees like plaintiff to participate in the policy or rule-making), violated his statutory and constitutional rights. Cowart requested an injunction; in the alternative, he sought monetary damages.
The School Board and Lee jointly filed a peremptory exception of no cause of action, arguing that Cowart was an "at will" employee who could be terminated at any time or without cause. According to defendants, LSA-R.S. 17:81.5 does not create property rights giving rise to procedural due process safeguards or require non-tenured employees to have notice and a hearing before their dismissal; therefore, plaintiff could be fired "at will," and was.
The trial court rendered judgment on September 17, 1992, maintaining the exception of no cause of action. After giving Cowart fifteen days to amend his petition, the trial court dismissed his suit on November 12, 1992.

ASSIGNMENT OF ERROR
At issue is whether a school board that disregards the clear mandate of LSA-R.S. 17:81.5 to enact standards for dismissing school personnel can refuse to do so, then terminate an employee protected by the provision on a strictly political basis.
Cowart alleges the trial court erred in granting the exception of no cause of action.
When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Teachers' Retirement System v. Louisiana State Employees' Retirement System, supra [456 So.2d 594 (La.1984)]; Henson v. St. Paul Fire and Marine Insurance Co., 363 So.2d 711 (La.1978). The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971).
Kuebler v. Martin, 578 So.2d 113, 114 (La. 1991).
La.C.C. art. 2747 provides:
A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
Under a limited duration contract the parties have agreed to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer free to dismiss the employee without assigning any reason for doing so. See Brodhead v. Board of Trustees for State Colleges and Universities, 588 So.2d 748 (La. App. 1 Cir.1991), writ denied, 590 So.2d 597 (La.1992). When an employee's job is for an indefinite term, however, the employment is terminable at will of either employer or employee, and the employer is at liberty to dismiss the employee at any time for any reason without incurring liability for the discharge. Thebner v. Xerox Corp., 480 So.2d 454, 457 (La.App. 3d Cir.1985) (and cites therein), writs denied, 484 So.2d 139 (La. 1986).
Cowart initially asserts that no public employees may be fired "at will," but we are unable to accept as true this categorical statement.
Absent any specific statutory requirement or contractual agreement regulating the employment relationship of the parties, termination is at the will of either party, and in the case of a governmental entity, termination is at the will of the appointing officer, provided no restraints are placed on his power.
Jackson v. East Baton Rouge Parish Indigent Defenders Board, 353 So.2d 344 (La. App. 1st Cir.1977), writ denied, 354 So.2d 1385 (1978). Similarly, the United States *95 Supreme Court stated in Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959) that "in the absence of legislation to the contrary, governmental employment may be terminated at the will of the appointing officer". A mere subjective expectancy of continued employment, without more does not create a property interest which would be protected by procedural due process. See, e.g., Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
Nonetheless, accepting as true the allegations contained in Cowart's petition, we reverse the judgment by the trial court granting defendants' exception. La.R.S. 17:81.5 provides:
§ 81.5. School employees; procedure for dismissal
Not later than January 1, 1988, each city and parish school board shall develop and adopt rules and policies which it shall use in dismissing school employees who have not attained tenure in accordance with applicable provisions of law and whose dismissal is not a result of a reduction in force, as provided for in R.S. 17:81.4. The school board shall provide a procedure by which any employee, whose dismissal is governed by this Section, may participate in the development of the rules and policies. Such rules and policies shall be made available for public inspection within ten days after they are finally adopted.
Cowart argues that defendants' failure to adopt rules and policies mandated by this provision, combined with political chicanery he alleges to have occurred, entitle him to reinstatement to his position as business manager and purchasing agent. We agree.
The rules required by LSA-R.S. 17:81.5 imposed legislative restraints upon the school board designed to purge parochial politics from school employment, first, by requiring that rules be adopted to provide objective criteria for determining whether an employee is to be dismissed from school employment and, second, by ensuring the participation of those most directly affected by the rules and policies before their enactment. In Wilhelm v. Vermilion Parish School Board, 598 So.2d 699 (La.App. 3 Cir.1992) this court held that non-tenured teachers not protected by the teacher tenure statutes of LSA-R.S. 17:442-443 do not have a protected property interest in their employment which entitles them to procedural due process under LSA-R.S. 17:81.5:
Appellant further argues the legislature, in enacting La.R.S. 17:81.5 intended to afford non-tenured teachers with rights consistent with due process requirements, and as a result, this statute gives her a Constitutional protected interest in continued employment. We disagree. The legislature has provided for the termination of non-tenured as well as tenured teachers in La.R.S. 17:442 and La.R.S. 17:443 respectively. That the legislature has provided for the termination of tenured and non-tenured teachers elsewhere in the revised statutes indicates "school employees" as written in La.R.S. 17:81.5 refers to those school employees who are not teachers.
In contrast with Wilhelm, here we are concerned with a school employee who is not a teacher, and in contrast with Jackson, supra, there is a specific statutory requirement regulating the employment relationship of the employee. That requirement is embodied in LSA-R.S. 17:81.5.
We are unable to accept defendants' argument that, because there is no requirement that the rules or policies enacted pursuant to LSA-R.S. 17:81.5 necessarily impose more than a minimal threshold for terminating employment of nontenured employees, non-tenured employees are entitled to no protection as a consequence of the school board's not having adopted any guidelines. The Louisiana Constitution provides for the creation and recognition of parish school boards, but does so subject to the power of the legislature to enact laws affecting them. La. Const. art. 8. In enacting LSA-R.S. 17:81.5, the people of this state, represented by the Legislature, purposefully sought to remove nontenured school employees from the category of "at will" employees, and in doing so, limited the authority of school boards and their superintendents to hire and fire nontenured, nonteaching personnel without regard to the rights of employees so affected. Cf. Johnson v. Board of Elem. & Secondary Educ., 414 So.2d 352 (La.1982) (law purporting *96 to grant B.E.S.E. board power to dismiss tenured teachers declared unconstitutional usurpation of teachers' rights and school boards' authority).
Defendants cannot now claim, in light of the allegations made and accepted as true, that nontenured nonteaching school personnel cannot avail themselves of the rights they, and through them, the taxpayer, were given by express statute, solely as a consequence of the school board's apparent disregard for the legislation. In the absence of some properly perfected rules and policies, and by "properly" we mean promulgated in accordance with LSA-R.S. 17:81.5, the supervisor and school board exceeded their authority when they terminated the employment of a nontenured employee in the absence of some demonstrable compelling need.
Because LSA-R.S. 17:81.5 affords non-tenured employees a protected property interest in their employment which entitles them to procedural due process, and through them, the tax paying public whose children are deserving of and legally entitled to the remedy sought by plaintiff, we reverse the judgment of the lower court and remand for further proceedings.[1]

DECREE
For the reasons assigned above, the judgment appealed from is reversed. Costs of this appeal assessed against appellees.
REVERSED AND REMANDED.
DOMENGEAUX, C.J., concurs for the reason that plaintiff was discharged without following the mandate of R.S. 17:81.5.
NOTES
[1] Although plaintiff may well have acted within his rights in seeking to enjoin a public entity from taking unlawful action in direct violation of LSA-R.S. 17:81.5, which specifically prescribes the terms under which a school board may exercise its discretion, see generally La. Associated Gen. Contr. v. Calcasieu, 586 So.2d 1354 (La. 1991) and cites therein contained, the instant appeal is limited to the trial court's disposition of the exception filed by defendants.