Dear Mr. Duver:
You apprise this office in correspondence of recent date that you have held employment with the Plaquemines Parish government for the past thirty-one years. Since 1991, you have also served as constable for the Sixth Judicial Court of Plaquemines Parish. Subsequent to your reelection as constable, the Plaquemines Parish governing authority has adopted a civil service commission, and you have been advised that once the system is in effect you will be in violation of local civil service rules and regulations if you continue to hold public office while retaining parish employment.
When an employee's job is for an indefinite term, the employment is terminable at the will of either employer or employee, and the employer is at liberty to dismiss the employee at any time for any reason without incurring liability for the discharge.Thebner v. Xerox Corp., 480 So.2d 454, at page 457 (La.App. 3d Cir. 1985), writ. denied, 484 So.2d 139
(La. 1986).
Public employees may be fired at will. Absent any specific statutory requirement or contractual agreement regulating the employment relationship of the parties, termination is at the will of either party, and in case of a governmental entity, termination is at the will of the appointing officer, provided no restraints are placed on his power. Jackson v. East BatonRouge Parish Indigent Defenders Board, 353 So.2d 344
(La.App. 1st Cir. 1977), writ denied, 354 So.2d 1385
(1978). Similarly, the United States Supreme Court stated inVitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968,3 L.Ed.2d 1012 (1959) that "in the absence of legislation to the contrary, governmental employment may be terminated at the will of the appointing officer". A mere subjective expectancy of continued employment without more does not create a property interest which would be protected by procedural due process. SeePerry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694,33 L.Ed.2d 570 (1972), see also Cowart v. Lee, 626 So.2d 93
(La.App. 3rd Cir. 1993), at page 93.
There is no specific statutory authority regulating your employment with the parish; therefore, the governing authority, as appointing authority, could indeed discharge you for being in violation of local civil service rules.
You suggest that application of the new civil service rules to your situation would be violative of the constitutional prohibition against ex post facto laws, reflected in Article I, § 10 of the United States Constitution and by Article I, § 23 of the Louisiana Constitution, the latter of which provides:
§ 23. Prohibited Laws
 Section 23. No bill of attainer, ex post facto law, or law impairing the obligation of contracts shall be enacted.
The United States Supreme Court in Collins v.Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30
(1990), determined that the constitutional prohibition against ex post facto laws is triggered only by a statute which:
 . . . . . punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed. . . . .
Collins v. Youngblood, 497 U.S. at page 42; seeState v. Singleton, (La.App. 5th Cir. 8/28/96);1996 WL 488839.
The constitutional provision cited hereinabove is unavailable as a defense against the implementation of an ex post facto law in your situation, as the new ordinance carries no criminal penalty.
Further, you have no contract with the parish governing authority concerning your employment, and accordingly, the constitutional prohibition against the impairment of an obligation of contract is inapplicable.
Addressing other issues raised in your correspondence, you could only be "grandfathered" into the position if the ordinance so provided, which apparently is not the case. Finally, we are unaware of any statutory authority allowing you to take a leave of absence from the elected office of constable to accomplish your stated purpose of simultaneously retaining both positions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: October 23, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL