394 So.2d 1189 (1981)
Ralph T. THORNHILL, Individually and as Administrator of the Estate of his Minor Son, Allen Arthur Thornhill
v.
BLACK, SIVALLS & BRYSON, INC. et al.
No. 80-C-1528.
Supreme Court of Louisiana.
January 26, 1981.
Rehearing Denied March 20, 1981.
Emile C. Rolfs, III, Stephen H. Vogt, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for plaintiff-applicant.
*1190 Owen, Richardson, Taylor, Mathews & Atkinson, Ben Louis Day, John B. Knight, Taylor, Porter, Brooks & Phillips, A. Michael Dufilho, Baton Rouge, McGlinchey, Stafford & Mintz, J. Michael Johnson, New Orleans, Voelker, Ragland, Brackin & Crigler, William B. Ragland, Jr., Lake Providence, Brumfield & Brumfield, William P. Brumfield, Baton Rouge, for defendants-respondents.
MARCUS, Justice.
Ralph T. Thornhill, individually and as administrator of the estate of his minor son, Allen Arthur Thornhill, instituted this action against Screw Conveyor Corporation for damages for personal injuries sustained by Allen Thornhill when his leg became caught in a screw auger manufactured by Screw Conveyor.[1] At the time of his injury, Thornhill was working inside a silo owned by Clayton Grain Elevator, Inc. The silo contained a screw auger recessed in its floor. A solid metal cover prevented exposure to the rotating auger, except for three access openings which allowed stored grain and other materials to flow into the trough and effect transportation. While Thornhill was removing residual material from the wall of the silo, he inadvertently stepped into the rotating auger through an access opening causing severe damage to his leg which necessitated its amputation.
Screw Conveyor moved for a summary judgment on the ground that the pleadings, sworn affidavit and depositions of Otis Clyde Raley, the original owner and builder of the grain elevator, showed that there was no genuine issue as to material fact. In denying the summary judgment, the trial judge concluded that there was a question of what warnings Screw Conveyor should have provided to the purchaser of its screw auger. Subsequently, Screw Conveyor filed another motion for summary judgment, this one on the ground that the pleadings and deposition of Allen Thornhill showed that there was no genuine issue as to material fact. The trial judge granted summary judgment, stating in his reasons for judgment that Screw Conveyor had merely sold component parts to the then owner of the grain elevator and had not participated in the design, installation, construction or maintenance of the silo at any time in its history. Moreover, the modification to the auger cover which allowed the contents of the bin to enter were not made by Screw Conveyor. In addition, he found that the deposition of Allen Thornhill made it clear that he was aware of the danger of the auger and that he had been warned to be on guard of this danger. The trial judge noted that there is no duty to warn of a danger when the danger is obvious.
From a judgment dismissing Screw Conveyor as a defendant in the lawsuit, plaintiff appealed. The court of appeal, finding no genuine issue as to material fact and that Screw Conveyor was entitled to judgment as a matter of law, affirmed the granting of the summary judgment.[2] Upon application of plaintiff, we granted certiorari to review the correctness of that judgment.[3]
The sole issue presented for our review is whether, based on the pleadings, affidavits, answers to interrogatories, depositions and other evidence filed by the parties pursuant to Screw Conveyor's motion for summary judgment, a genuine issue of fact was presented and whether mover is entitled to a judgment as a matter of law.
In its answers to interrogatories, Screw Conveyor stated that its only communication with the purchaser was the acceptance of a telephone order for sixty feet of trough, screw auger and cover and an invoice prepared at the time of shipment. When the materials were supplied, the only document which accompanied the materials was a copy of the invoice outlining the order. Screw Conveyor further stated that it made no recommendations regarding the placement of the access openings because it *1191 was neither consulted in the placement of the openings nor advised that such openings would be cut in the cover. No employees or representatives of Screw Conveyor were ever present at the grain elevator. These facts are corroborated by the deposition of Otis Clyde Raley. Raley stated that his brother placed the order with Screw Conveyor and that no employees or representatives of the company ever came to the grain elevator. In fact, Raley sent a truck to Screw Conveyor to pick up the parts of the conveyor system which were used in the construction of the two silos. The trough, which contained the screw auger and was covered by a metal cover, was recessed into the floor of the silo. To allow grain to fall into the auger, Raley had three openings made in the cover. Gate covers were constructed so that these access openings could be covered up. Raley did not recall receiving any instructions or plans with the parts or obtaining any advice from Screw Conveyor on how to set up a conveyor system. Plaintiff entered nothing into the record to contradict these facts.
From the deposition of Allen Thornhill, the following undisputed facts are disclosed. On the morning of Friday, November 12, 1976, Allen Thornhill, then sixteen years old, was working at the grain elevator. He was instructed by his supervisor to enter a silo and hit the sides of the silo with a shovel to cause soybeans and other matter to fall off the wall. Thereafter, the refuse would be placed in the access openings of the conveyor system for transportation to the outside. His supervisor informed him that the screw auger was operating and warned him to be careful not to fall into the access openings. Upon entering the silo, Thornhill saw the screw auger turning through the uncovered openings. He knew that he would be injured if he got his leg caught in the hole where the auger was turning. After working in the silo for about fifteen minutes, Thornhill inadvertently stepped back into one of the access openings. The auger caught his boot and pulled his leg into the opening causing severe injury to his leg which necessitated its amputation.
A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i. e., unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect. Weber v. Fidelity & Casualty Insurance Co. of New York, 259 La. 599, 250 So.2d 754 (1971). In the instant case, plaintiff does not allege that there was a defect in the design, composition or manufacture of the auger conveyor system. Rather, plaintiff's argument is that the failure of Screw Conveyor to provide instructions along with the sale of the parts on how the access openings should be cut in the cover made the product unreasonably dangerous to normal use.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La. 1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La. 1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So. 2d 367 (La.1976). The burden of showing that there is not a genuine issue of *1192 material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
It is undisputed that Screw Conveyor merely sold sixty feet of trough, auger and cover requested by a telephone order and had no part in the design and installation of the auger conveyor system. It was not consulted in the placement of the access openings or even advised that such openings would be cut in the cover. Defendant was unaware of the parts intended use when it filled the order for the trough, auger and cover. Furthermore, there is no indication that defendant should have been aware that the purchaser of such parts would necessarily have to cut access openings in the cover for its use. Under these circumstances, it would have been unreasonable to require Screw Conveyor to furnish instructions on how or where access openings should be cut in the cover.
Since the evidence presented on the motion for summary judgment presents no genuine issue of material fact and because reasonable minds must inevitably conclude that Screw Conveyor would be entitled to a judgment on these facts as a matter of law, the motion for summary judgment was properly granted.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
LEMMON, J., concurs.
WATSON, J., dissents.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents being of the opinion there was a material fact at issue.
CALOGERO, Justice, dissenting.
Summary judgment should not be granted unless there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. I believe there is a genuine issue as to material fact, not countered by affidavit or otherwise, in plaintiff's contention that defendant Screw Conveyor failed in its duty to provide instructions, along with the sale of the parts, as to how the access openings should be cut in the cover of the screw auger. Defendant need not have been consulted regarding the placement of the openings, nor advised that such openings would be placed in the cover, for it was evident that such would have to be done in order for the screw auger to have any utility whatever. Furthermore, the majority rests its opinion, in part at least, on an implied finding of contributory negligence ("[Thornhill's] supervisor informed him that the screw auger was operating.... He knew that he would be injured if he got his leg caught in the hole where the auger was turning."), a finding which in my view is not appropriate by way of summary judgment.
For these reasons, I respectfully dissent.
NOTES
[1] Plaintiff also named twelve other party defendants; however, none of these parties are involved in this appeal.
[2] 385 So.2d 336 (La.App. 1st Cir. 1980).
[3] 393 So.2d 724 (La.1980).