471 So.2d 967 (1985)
Willard BREAUX
v.
SOUTH LOUISIANA ELECTRIC COOPERATIVE ASSOCIATION and Mr. Charles Clark.
No. 84 CA 0384.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*968 Douglas H. Greenburg, Houma, for plaintiff and appellant Willard Breaux.
James M. Funderburk, Houma, for defendants and appellees South Louisiana Elec. Co-op. Ass'n, Charles Clark and Harold Folse.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Willard Breaux (Breaux) appeals from the granting of a summary judgment in favor of South Louisiana Co-Operative Association, (SLECA), Charles Clark, (Clark) and Harold Folse (Folse) which dismissed Breaux's claim for wrongful discharge. SLECA, Clark and Folse answered the appeal, seeking to have the trial court's overruling of its exception of no cause of action reversed. We affirm.

WRONGFUL DISCHARGE
The law regarding wrongful discharge is well settled. The applicable law was set forth in Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1st Cir.1980) as follows at p.244:
The liability of an employer who dismisses an employee without just cause is set forth in La.Civ. Code art. 2749.
"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for *969 a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived."
The article clearly states that only those employees who have been hired for a definite time period are entitled to their back wages. To the contrary, employees hired without a fixed term are subject to dismissal by their employer at any time, for any reason, and the employer does not incur liability for the discharge. Therefore, there is no `wrongful discharge' when an employee hired without a fixed term is fired. Without a wrongful discharge there can be no claim for past wages....
The source of this principle is La.Civ. Code art. 2747 which reads as follows:
"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
This article has been interpreted by the courts as dealing with employer-employee relationships. (citations omitted)
Because of La.C.C. Art. 2747 and the jurisprudence, an employee who is not hired for a fixed term may be terminated without cause at any time and an employee so hired has no action against his employer for wrongful discharge. Hoover v. Livingston Bank, 451 So.2d 3, 5 (La.App. 1st Cir.1984).
In the present case, Breaux did not have an employment contract with SLECA for a fixed term of employment. For that reason, SLECA was free to terminate Breaux without cause at any time. Therefore, the trial court was correct in granting summary judgment dismissing Breaux's claim for wrongful discharge.

INTENTIONAL TORT
The trial court found in the present case that Breaux's petition stated a cause of action for anxiety, mental anguish, humiliation and embarrassment based upon an intentional tort allegedly committed by SLECA, Folse, and Clark. The defendants have filed an exception of no cause of action as to Breaux's claim of an intentional tort.
The peremptory exception of no cause of action is used to question whether any legal remedy is available to the plaintiff under the allegations of the petition. Since no evidence may be introduced in its support, the exception is triable only upon the face of plaintiff's petition and any attached documents. La.C.C.P. Art. 931. All well-pleaded facts are accepted as true, with any doubts resolved in favor of the sufficiency of the petition. The reviewing court must determine whether the law affords a remedy under the circumstances alleged, under any theory of the case. WHC, Inc. v. Tri-State Road Boring, Inc., 468 So.2d 764 (La.App. 1st Cir., 1985), and cases cited therein.
The general rule of law concerning damages for mental distress due to intentional torts is that the defendant must either have actively desired to bring about the mental anguish or realized to a virtual certainty that it would occur. Recovery for mental anguish caused by intentional torts has generally been limited to instances of outrageous conduct. Steadman v. South Central Bell Telephone Company, 362 So.2d 1144, 1145 (La.App. 2d Cir.1978).
The petition in the present case alleges that Folse and Clark, as employees of SLECA, conspired to mislead Breaux into taking improper steps in maintaining his employment. The petition alleges that these actions were intended by the defendants to cause Breaux mental and emotional distress. While we feel that the allegations are somewhat broad, we feel constrained to follow the standard whereby we resolve all doubts in favor of the sufficiency of the petition. Following this standard we conclude the unproven allegations in the petition do state a cause of action for an intentional tort. The trial court was correct in so concluding.
*970 For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be borne equally by all parties.
AFFIRMED.