480 So.2d 454 (1985)
William THEBNER, Plaintiff-Appellant,
v.
XEROX CORPORATION, Defendant-Appellee.
No. 84-824.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1985.
Rehearing Denied January 16, 1986.
Writ Denied March 14, 1986.
*455 Cox, Cox, Townsley and Fowler, James J. Cox, Lake Charles, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Robert E. Barkley, Jr., New Orleans, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
KNOLL, Judge.
William Thebner appeals from a partial summary judgment granted in favor of his former employer, Xerox Corporation (hereafter Xerox). Thebner sued Xerox contending that he was wrongfully discharged in contravention of Xerox's employee policy manual; that he was entitled to severance pay under the provisions of the employee policy manual; and that he was due an additional $710.90 under the Xerox retirement plan. The trial court summarily dismissed all of Thebner's claims which were based on Xerox's employee policy manual and referred the issue of Thebner's claim under Xerox's retirement plan to the trial on the merits.
Thebner appeals contending that the trial court erred in failing to find that there was a question of material fact since he was wrongfully discharged in contravention of the employee policy manual. The issue presented is whether Xerox's personnel policy manual constituted an employment contract. We affirm, finding that no issues of material fact existed and that Xerox was entitled to judgment as a matter of law.

*456 FACTS
The facts are undisputed. Thebner began his employment with Xerox in 1969 as a technical representative, servicing Xerox machines. He worked in New York until he was transferred to Lake Charles in 1978. Xerox furnished him a company car which was available for his personal use, subject to reimbursement for personal mileage. In January 1983, Thebner submitted an inaccurate expense report on the company car; he reported approximately 200 miles less than his actual personal mileage and 164 business miles on a company holiday. Thebner's supervisor recommended termination. Twice before, Xerox had placed Thebner on probation.
In mid-February 1983, Thebner submitted a letter of resignation, but withdrew it at the exit interview on February 24, 1983. Thereafter he was suspended without pay, pending a reasonable explanation of his activities. Upon Xerox's request, for purposes of the motion for partial summary judgment and this appeal, it is assumed that Thebner was fired.

SUMMARY JUDGMENT
Thebner contends that whether an implied contract or estoppel was created by Xerox's promises in its personnel policy manual is a question of fact for the jury to decide.
LSA-C.C.P. Art. 966 provides:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La. 1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La. 1977). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalls & Bryson, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt will be resolved against the granting of summary judgment and in favor of a trial on the merits. Thornhill v. Black, Sivalls & Bryson, Inc., supra; Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
The record before us includes Thebner's deposition, a copy of Xerox's personnel policy manual, all relevant correspondence between Thebner and Xerox management, the company vehicle expense reports, and a memorandum in support of Xerox's motion for partial summary judgment. We find the record supports that there is no genuine issue of material fact and that Thebner's contention presents issues that are clearly questions of law.

*457 PERSONNEL POLICY MANUAL
Three of Thebner's four claims against Xerox are premised on the contention that the Xerox personnel policy manual constitutes a binding employment contract. Accordingly, he argues that his employment was not terminable at will. We disagree.
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. LSA-C.C. Art. 1906. Four elements are required for confection of a valid contract: (1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose. LSA-C.C. Arts. 1918, 1927, 1966, 1971; First National Bank of Shreveport v. Williams, 346 So.2d 257 (La.App.3rd Cir.1977). There is no contract unless both parties are bound.
Thebner does not allege that he was employed for a fixed term. Further, the personnel policy manual clearly states: "The policies are not intended to create, nor are they to be construed to constitute a contract, express or implied, between Xerox and any of its employees." After a careful study of Xerox's personnel policy manual, we find that the requisite elements for the confection of a valid contract are not contained therein. Accordingly, Xerox's personnel policy manual does not constitute an employment contract.
LSA-C.C. Art. 2747 provides:
"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
It is well settled that an employee who is not hired for a fixed term may be terminated without cause at any time, and an employee so hired has no action against his employer for wrongful discharge. Breaux v. South Louisiana Elec. Co-Op. Ass'n, 471 So.2d 967 (La.App. 1st Cir.1985); Hoover v. Livingston Bank, 451 So.2d 3 (La. App. 1st Cir.1984).
Where an employee's employment is for an indefinite term, the employment is terminable at the will of either the employer or the employee. Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App. 2nd Cir.1982); Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (1958). Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge. Williams v. Delta Haven, Inc., supra.
We conclude that Xerox was free to terminate Thebner's employment without cause at any time. Therefore, the trial court was correct in granting the partial summary judgment.

ESTOPPEL
Thebner next contends that equitable estoppel is applicable, and that he relied upon Xerox's personnel policy manual to his detriment in the following particulars: (1) that he would not be discharged unless Xerox first undertook a performance improvement program with him; (2) that he would not be discharged without the approval of a group president or division director and a chief executive officer of Xerox; and (3) that he was entitled to severance pay because he had been employed by Xerox for fourteen years.
Equitable estoppel or "estoppel in pais" is defined as the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. Duthu v. Allements' Roberson Mach. Works, Inc., 393 So.2d 184 (La.App. 1st Cir.1980); Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975); American Security Bank of Ville Platte v. Vidrine, 255 So.2d 140 (La.App. 3rd Cir. 1971). A party invoking the doctrine of estoppel must prove the facts upon which the estoppel is based and must establish all *458 three elements of estoppel: (1) a representation by action or word; (2) justifiable reliance on the representation; and (3) a detrimental change in one's position because of the reliance. Estoppel will not lie if any element remains unproven. Duthu v. Allements' Roberson Mach. Works, supra. Estoppel, because it bars the normal assertion of rights, is not favored in Louisiana law and is used sparingly. Duthu v. Allements'Roberson Mach. Works, supra; Twillie v. H.B. Zachry Company, 380 So.2d 747 (La.App. 4th Cir.1980).
Estoppel, as an element of a cause of action, is not, as a rule, available, unless specifically pleaded. The exceptions to the rule are found in cases where the facts relied upon are set out in the petition, or the plaintiff has had no opportunity to offer the plea. The burden of proof in such case rests upon the pleader, and he must prove the very facts upon which the estoppel is based. In order that one should be denied his right, by reason of equitable estoppel, it should appear that the person pleading the estoppel has been misled, by the other, to his prejudice. American Security Bank of Ville Platte v. Vidrine, supra; Hebert v. Champagne, 144 La. 659, 81 So. 217 (1919).
Thebner failed to specifically plead estoppel as an element of a cause of action in his petition; he relies on the exception to the rule, contending that he alleged sufficient facts in his petition to rely on equitable estoppel. Although Thebner's petition contains sufficient allegations of promises by Xerox for him to invoke the doctrine of equitable estopel, he neither pleaded justifiable reliance on Xerox's policy manual nor a detrimental change in his position because of that reliance. We cannot infringe upon Xerox's right to discharge an at-will employee by equitable estoppel, absent a showing by Thebner that he was misled by Xerox and that he relied upon Xerox's representation to his detriment.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the appellant, William Thebner.
AFFIRMED.