499 So.2d 375 (1986)
Jarrett Lee WALL
v.
TULANE UNIVERSITY, the Administrators of the Tulane Educational Fund, et al.
No. CA-5257.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
Writ Denied January 23, 1987.
Silvestri & Massicot, Anthony L. Marinaro, New Orleans, for appellant.
David L. McComb, Julie D. Livaudais, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for appellees.
Before SCHOTT, KLEES, and BYRNES, JJ.
BYRNES, Judge.
By this appeal, Jarrett Lee Wall seeks reversal of a summary judgment dismissing his claim for damages against his former employer, Tulane University. We affirm.
Wall's suit was based on allegations that he was damaged by Tulane's action in revising its tuition waiver policy for employees so that fewer courses could be taken tuition free. Wall alleged that in reliance on Tulane's previous policy, which allowed employees to take an unlimited number of tuition free courses, he had foregone more lucrative employment so that he could complete his education at Tulane.
Tulane responded by alleging that Wall was an employee at will and that under C.C. Art. 2747 Tulane was free to terminate his employment or modify the benefits of that employment at anytime. The trial court agreed and granted Tulane's motion.
It is well settled that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). In support of its motion, Tulane submitted affidavits and depositions relating to the terms on which Wall was hired. These documents conclusively established that Wall was hired for an indefinite term. They also established that Wall was not promised an indefinite continuation of the then existing tuition waiver program, although he clearly assumed that no changes would be made.
However, this subjective expectation is not sufficient to raise a genuine issue of material fact. Moreover, our review of the record convinces us that Tulane's Staff Handbook, which described the *376 benefits and conditions of employment with Tulane, was not made part of Wall's employment agreement with Tulane. The Handbook appears to be primarly informational in nature and did not, in our opinion, constitute a binding promise by Tulane to continue indefinitely the benefits described therein. Wall presented no evidence in opposition to Tulane's motion for summary judgment, apparently chosing to rely on his pleadings and his deposition which was submitted by Tulane in support of its motion.
In our opinion, this was not sufficient to overcome the showing made by Tulane. In support of its motion, Tulane submitted an affidavit by Tulane's personnel director at the time Wall was employed and one by the individual who hired and supervised Wall initially. Both of these affidavits stated that Wall was hired for an indefinite period and that no promise was made to him concerning the duration of the tuition waiver program set forth in the Handbook at the time Wall was hired. The deposition of Wall and the 1972 and 1983 versions of the Staff Handbook were also submitted.
From these documents it is clear that Wall was never promised an indefinite continuation of the tuition waiver program, that he was not hired for a fixed term and that nothing in the manuel itself indicates that the benefits and procedures described therein were not subject to change. Appellant's opposition to Tulane's motion for summary judgment simply did not raise legal or factual issues sufficient to overcome this showing and preclude summary judgment.
For the foregoing reasons the judgment is affirmed at appellant's cost.
Affirmed.