**Charles E. GILBERT,
Plaintiff–Appellant,**

v.

**TULANE UNIVERSITY (THE ADMINISTRATORS OF the TULANE EDUCATIONAL FUND), Defendant–Appellee.**

No. 89–3429.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1990.

Terry M. Boudreaux, George B. Recile, New Orleans, La., for plaintiff-appellant.

David L. McComb, Julie D. Livaudais, Kenneth J. Servay, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

CLARK, Chief Judge:

### I.

Charles E. Gilbert appeals from a judgment dismissing his claim for wrongful discharge against his former employer, Tulane University. Because Gilbert's claim is barred by the Louisiana employment-at-will doctrine, we affirm.

### II.

Gilbert worked for more than thirty years as the Director of Tulane's Physical Plant Department. His immediate supervisor for the last four years was Erling H. Hammarstrom, Tulane's Vice-president for Business. Hammarstrom terminated Gilbert for poor job performance and their inability to resolve their differences.

Gilbert sought to invoke the grievance procedures outlined in Tulane's Staff Handbook. Tulane responded that under the terms and historical application of the handbook, the grievance procedures were not available to high-level managerial employees such as Gilbert. Gilbert then filed an action for damages in Louisiana state court claiming he was terminated without just cause and without the benefit of the grievance procedures. Tulane removed the action to federal court based on diversity of citizenship.

After a bench trial, the district court concluded that Gilbert was an at-will employee of Tulane and had no contractual right to a grievance proceeding. The court dismissed the complaint and entered judgment for Tulane. Gilbert appeals, contending that the handbook gave him a contractual right to a grievance proceeding or alternatively that Tulane is equitably estopped from denying him that right. We affirm.

### III.

■ Under Louisiana law, a person employed for an indefinite period is an employee at will. *Brannan v. Wyeth Labora-*

*tories, Inc.* 526 So.2d 1101, 1103–04 (La. 1988); *see* LA.CIV.CODE ANN. art. 1778 (West 1987). An at-will employee is free to quit at any time without liability to his or her employer and may be terminated at any time, for any reason or for no reason at all, provided the termination does not violate any statutory or constitutional provision. LA.CIV.CODE ANN. art. 2747 (West 1952); *Johnson v. Delchamps*, 897 F.2d 808, 810 (5th Cir.1990).

■ Gilbert admitted at trial that he was employed by Tulane for an indefinite period. He was therefore an employee at will. He was free to quit at any time or, as in this case, was subject to termination at any time for any or no reason. Since Gilbert alleged no statutory or constitutional violation, he has no claim for wrongful discharge against Tulane. *Id.*

■ Gilbert argues that Tulane's Staff Handbook modified his at-will employment status and gave him a contractual right to invoke its grievance procedures. He claims the handbook grants this right to all "staff employees," that he is a "staff employee" as defined in the handbook, and that he therefore had the right to a grievance proceeding. He argues that the Louisiana courts have found staff handbooks to create contractual rights in other cases. We reject these contentions.

In *Wall v. Tulane University*, 499 So.2d 375, 375–76 (La.Ct.App.1986), *writ denied*, 500 So.2d 427 (La.1987), the Louisiana Court of Appeals held that the same Tulane Staff Handbook Gilbert relies on was not a contract of employment. The court determined that the handbook was "primarily informational in nature and did not ... constitute a binding promise by Tulane to continue indefinitely the benefits described therein." *Id.* at 376. The court also noted that no promises had been made to Wall concerning the benefits that would have made them "part of Wall's employment agreement with Tulane." *Id.*

In this case, the district court found that no oral contract was offered to Gilbert and that no promises were made to him concerning the handbook's grievance proce-

dures. The court also found that the representations Tulane made to employees seeking union representation were not reasonably understood by Gilbert as an offer for an oral contract. Since the handbook itself was not an employment contract, and no promises were made to Gilbert concerning its benefits, Gilbert had no contractual right to invoke the handbook's grievance procedures.

■ We also reject Gilbert's argument that Tulane is equitably estopped to deny his right to invoke the procedures. Equitable estoppel is not favored under Louisiana law because it "bars the normal assertion of rights." *Thebner v. Xerox Corp.* 480 So.2d 454, 458 (La.Ct.App.1985), *writ denied,* 484 So.2d 139 (La.1986). In order to recover damages under the doctrine of equitable estoppel, a party must prove three elements: "(1) a representation by action or word; (2) justifiable reliance on the representation; and (3) a detrimental change in one's position because of the reliance." *Id.* at 457–58.

Gilbert cannot recover on this theory because he failed to prove justifiable reliance on the availability of the grievance procedures. The handbook is ambiguous as to whether these procedures are available to employees in Gilbert's high-level managerial position. Tulane's general counsel concluded that they are not so available. Gilbert himself recognized that the procedures did not appear to apply to him. Finally, the handbook stated that it was subject to revision at any time. Gilbert therefore cannot show justifiable reliance. Nor has Gilbert established a detrimental change in his position because of reliance on the handbook. We express no opinion as to whether lower-level Tulane employees might have a more serious claim to have justifiably relied on the availability of the grievance procedures.

Gilbert next argues that the district court erred in refusing to admit into evidence a handout and a flyer distributed by Tulane showing the benefits of working for the university. Gilbert admits that the exhibits were not listed in the pre-trial order but contends that they would not have un-

fairly surprised Tulane, their admission would not have disrupted the trial, they were essential to establishing an oral agreement, and they were not listed in the pre-trial order only because Gilbert did not receive them in time. He asserts that the district court therefore abused its discretion in refusing to admit them. We disagree.

■ The district court has broad discretion in deciding whether to admit into evidence exhibits not listed in the pre-trial order. *Robert v. Conti Carriers & Terminals, Inc.,* 692 F.2d 22, 24 (5th Cir.1982). The failure to submit an exhibit for introduction at trial until just days before the trial begins is a sufficient reason to deny its admission. *See Book v. Nordrill,* 826 F.2d 1457, 1460–61 (5th Cir.1987). In this case, Gilbert did not submit the two exhibits at issue until less than three days before trial. The basis stated by the district court for declining to admit them into evidence was because they were not listed in the pre-trial order. The court nevertheless allowed Gilbert to testify in full concerning their contents. Under these circumstances, no abuse of discretion has been shown, and the ruling did not affect any substantial right. 28 U.S.C. § 2111.

Gilbert's final argument is that the district court erred in adopting wholesale Tulane's proposed findings of fact and conclusions of law. We have examined the record and conclude that this claim is meritless.

### IV.

The judgment is

AFFIRMED.