597 So.2d 1113 (1992)
Ellen M. KELLER, Plaintiff-Appellant,
v.
SISTERS OF CHARITY OF the INCARNATE WORD d/b/a Schumpert Medical Center, Defendant-Appellee.
No. 23363.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
Davidson, Nix, Arceneaux, Jones & Askew by M. Thomas Arceneaux, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Mark A. Goodwin, Shreveport, for defendant-appellee.
Before SEXTON, LINDSAY and STEWART, JJ.
STEWART, Judge.
Plaintiff, Ellen Keller (Keller), appeals the trial court's entry of summary judgment in favor of defendant, Sisters of Charity of the Incarnate Word d/b/a Schumpert Medical Center (Schumpert), in Keller's suit against Schumpert for breach of contract and wrongful discharge.
On appeal, Keller contends that the trial court erred in finding that there was no genuine issue of material fact concerning the terms and conditions of her employment. Keller also contends that the trial court erred in finding that Schumpert was entitled to judgment as a matter of law. We affirm the trial court judgment.

*1114 FACTS
Keller was employed by Schumpert in 1973. In 1978, she was promoted to outpatient supervisor and continued to work in that capacity through December 1984. On January 19, 1979, Keller (then Ellen Moore) signed a document acknowledging receipt of the Schumpert Medical Center Employee Handbook (handbook). The handbook contained general hospital policy information concerning items such as payroll and benefits. The handbook also summarized and interpreted specific policies contained in the Schumpert Personnel Policy Manual (personnel manual). The receipt provided that Keller would become familiar with its contents and abide by the policies outlined as a condition of employment.
On March 23, 1984, Keller was counseled in writing about a disturbance caused by her husband's violent threats which had caused a disruption of the hospital workplace. This written counseling stemmed from earlier verbal counseling of the same nature which had not resulted in an abatement of the problem. The written counseling emphasized that if the situation arose again, it would be grounds for termination. On June 15, 1984, Keller was orally counseled regarding her husband having come to the outpatient work area. She was advised to leave the work area with her husband if he returned. Lucy Brown, Director of Admissions and Outpatient Services at Schumpert, further advised Keller that if the situation was noted again, she would be asked to leave immediately.
On November 16, 1984, Keller's husband called Schumpert and threatened to "blow everyone away" and destroy everything connected with Keller. At the time, Keller was on sick leave for a fractured nose inflicted by her husband. Keller was advised to continue sick leave and it was suggested that she place her husband under a peace bond for her safety.
On December 3, 1984, Keller was notified that, in the interest of all concerned, she would be terminated. Keller requested to resign instead of being discharged and her request was granted by Carlton Baker, Director of Personnel at Schumpert.
In July 1985, Keller filed suit against Schumpert for breach of contract and wrongful discharge. Schumpert filed a motion for summary judgment. The trial court granted the motion for summary judgment finding that (1) there was no contract of employment between Keller and Schumpert; (2) there was no statutory right of Keller to remain employed; (3) Keller was an at-will employee; and (4) Schumpert was entitled to judgment as a matter of law. This appeal ensued.

SUMMARY JUDGMENT
Keller argues that there exists a genuine issue of material fact because a jury could well find that her at-will status was altered into a contractual one by virtue of the personnel manual. Keller further argues that the evidence adduced in opposition to the motion for summary judgment raises a jury question regarding her wrongful discharge claim.
A motion for summary judgment pursuant to LSA-C.C.P. Art. 966 should be granted if and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalls & Bryson, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt will be resolved against the granting of summary judgment and in favor of a trial on the merits. Thornhill v. Black, Sivalls & Bryson, *1115 Inc., supra; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).

DISCUSSION
Under Louisiana's at-will employee doctrine, an employee who is not hired for a fixed term may be terminated without cause at any time, and an employee so hired has no action against his employer for wrongful discharge. LSA-C.C. Art. 2747; Breaux v. South Louisiana Electric Co-Operative Association, 471 So.2d 967 (La.App. 1st Cir.1985).
Where the term of employment is indefinite, the employment is terminable at the will of either the employer or the employee. Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App.2d Cir.1982); Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (La.1958). Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reasons without incurring liability for the discharge. Williams v. Delta Haven, Inc., supra.
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. LSA-C.C. Art. 1906. Four elements are required for confection of a valid contract: (1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose. LSA-C.C. Arts. 1918, 1927, 1966, 1971; First National Bank of Shreveport v. Williams, 346 So.2d 257 (La.App. 3d Cir. 1977). There is no contract unless both parties are bound.
At the trial court, Keller had the burden of establishing that there existed a specific contractual relationship that superceded her otherwise at-will status of employment. Keller admits in her deposition that she was employed for an indefinite term of employment. When hired, she was free to quit at any time or, as in this case was subject to termination at any time for any or no reason. However, Keller argues that her employment status was modified by the provisions of the personnel manual (Policy No. 1:06[1] and No. 4:05[2]). Accordingly, Keller argues that her employment was not terminable at will and was subject to a contractual relationship with her employer. We disagree.
Keller specifically alleges that she had an employment agreement with Schumpert which included the disciplinary policies contained in the personnel manual and that both she and Schumpert agreed to be bound by those policies in their employment relationship. Keller characterizes this assertion as a material issue of fact. She contends that in November 1984, she was not on disciplinary probation as provided for in the personnel manual, therefore, Schumpert was without the contractual authority to terminate her on December 3, 1984.
The evidence introduced in connection with the motion for summary judgment reveals that the personnel manual provided general guidelines and in no way indicated mandatory levels of disciplinary action which supervisors must implement sequentially. Keller subpoenaed disciplinary records of other Schumpert employees in order to show that it was Schumpert's policy to use formal written procedures to notify employees that they were placed on disciplinary probation and that no such written probationary notice was provided to Keller prior to her discharge. Even if true, such a circumstance does not raise a genuine issue of material fact in the absence of a contractual relationship between Keller and Schumpert.
Our review of the personnel manual reveals no provision which is indicative of an agreement between Keller and Schumpert *1116 concerning the manner in which the disciplinary process would be implemented. The testimony also does not support the existence of such an agreement. On the contrary, the personnel policy No. 4:06 specifically provides "an immediate discharge may be warranted for severe actions without prior counseling, written or verbal."
The record indicates that Keller's termination was not the result of any deficiency in her personal work performance but was the result of a continued threatening atmosphere in the workplace caused by her husband's verbal threats to Keller and other employees. The record further reflects that Keller's written statement on the March 23, 1984 counseling form acknowledges that the counseling was a result of the problems created by her husband and that her failure to abate the problems could lead to her discharge.
The dispositive issue is whether or not the personnel policy created any type of contractual relationship between Schumpert and Keller, not whether or not Schumpert followed each of the possible actions in the disciplinary policy. Given the general disciplinary guidelines included in the personnel manual, there is no merit to Keller's contention that a contractual relationship existed which governed the method of her discharge.
Keller contends that Williams v. Delta Haven, Inc., supra supports the reversal of the motion for summary judgment. In Williams, supra, Williams alleged that the Delta Haven failed to comply with its own personnel policy that required three warnings to be given to an employee prior to discharge. The court stated that this allegation did not amount to an allegation that Delta Haven was contractually obligated to Williams as part of an employment contract to provide warnings prior to discharge. The court held that the petition failed to state a cause of action for wrongful discharge because there is no wrongful discharge when an employee who is hired without a fixed term or other contractual prerequisite to termination is fired.
In the instant case, although Keller's pleadings go beyond that of the plaintiff in Williams in alleging a contractual obligation, Williams does not stand for the proposition that such an allegation, alone, creates a genuine issue of material fact.
The issue presented by Keller has been addressed in other cases. In Thebner v. Xerox Corp., 480 So.2d 454 (La.App. 3d Cir.1985), writ denied, 484 So.2d 139 (La. 1985), Thebner sued Xerox for damages resulting from his alleged wrongful discharge. Thebner contended that his employment was terminated in contravention of Xerox's employee personnel policy manual. Xerox filed a motion for summary judgment contending that Thebner was an at-will employee pursuant to LSA-C.C. Art. 2747 and that the personnel manual did not modify that relationship through the formation of an employment contract. Keller urges that Thebner is distinguishable because, in the Xerox personnel manual, there was a written disclaimer which provided that the policies in the personnel manual were not to be construed as a contract between Xerox and its employees. Keller correctly notes that the Schumpert personnel manual contains no such disclaimer.
The Third Circuit noted the written disclaimer in the Xerox personnel manual, however, it proceeded to review the personnel manual completely in an effort to determine whether or not the personnel manual otherwise met the requisites for the confection of a valid contract. It concluded that the personnel manual lacked the requisite elements for a contract, thus, Thebner failed to establish that he was not terminable at will as a fixed term employee. In affirming summary judgment, the court found the contentions of Thebner to be questions of law and not questions of fact.
In Wall v. Tulane University, 499 So.2d 375 (La.App. 4th Cir.1986), writ denied, 500 So.2d 427 (La.1987), Wall sought damages from his former employer due to a restrictive change in Tulane's tuition waiver policy for its employees. The Fourth Circuit was presented with Wall's appeal from the grant of a summary judgment dismissing his claim. Wall argued that the Tulane University staff handbook which described *1117 the benefits and conditions of employment with the university had the affect of modifying his at-will status to a contractual agreement which the university breached. Upon full review of the staff handbook, the Fourth Circuit determined that Wall presented a question of law with regard to the effect of the university handbook on his employment status. The court held that Wall failed to establish the existence of any contractual relationship. In so holding, the court stated that, merely because Wall had a subjective expectation with regard to the handbook, such was insufficient to demonstrate that he was not an at-will employee. Concluding that Wall was an at-will employee, the Fourth Circuit affirmed the grant of summary judgment.
Similarly, in Gilbert v. Tulane University, 909 F.2d 124 (U.S. 5th Cir.1990), the court rejected Gilbert's contention that the same Tulane University staff handbook, as involved in the Wall case, created contractual rights which were breached by Tulane. Keller argues that the Gilbert case is distinguishable because the issues were decided after a full trial on the merits rather than following a motion for summary judgment. Gilbert argued that the Tulane University handbook modified his at-will employment status and gave him a contractual right to invoke its grievance procedures. Keller's arguments in the instant case, are similarly framed. In relying on the ruling in the Wall case, the Federal Fifth Circuit held that the handbook was not an employment contract and that no promises were made to Gilbert concerning his benefits, thus Gilbert had no contractual right to invoke the handbook's grievance procedures.
Each plaintiff in Thebner, Wall, and Gilbert alleged that there existed a contractual relationship which superceded their otherwise at-will employment status. We agree with the rationale of these cases that the existence vel non of a contractual relationship is a question of law and not a question of fact as asserted by Keller.
In the instant case, after reviewing Schumpert's personnel manual, the affidavits, and depositions filed therewith, we find that the requisite elements for the confection of a valid contract are not contained therein. Accordingly, we find as a matter of law that Schumpert's personnel manual does not constitute an employment contract. We conclude that Schumpert was free to terminate Keller's employment, without cause, at any time. Therefore, the trial court properly granted Schumpert's motion for summary judgment.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the appellant, Ellen Keller.
AFFIRMED.
NOTES
[1] Policy No. 1:06 provides for three forms of probation: (a) entry probation, (b) transfer probation, and (c) disciplinary probation.
[2] Policy No. 4:05 outlines the possible disciplinary actions which employees are subject to for poor job performance, attendance, and infraction of rules and policies of Schumpert Medical Center. These actions are: (a) verbal counseling, (b) written counseling, (c) probation, (d) suspension, and (e) discharge.