**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-31192
Summary Calendar

WILLIAM WILSON,

Plaintiff-Appellant,

VERSUS

FORMOSA PLASTICS CORPORATION, LOUISIANA,

Defendant-Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana
(99-CV-333-B)

June 1, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant William Wilson contests the district court's order granting summary judgment in favor of Defendant-Appellee Formosa Plastics Corporation. Wilson, an African-American, claims that Formosa's decision to promote white employees

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

to three supervisory positions amounted to unlawful discrimination against him in violation of Title VII of the Civil Rights Act of 1964. Wilson also contends that Formosa breached contractual obligations arising from its employment policies.

## I. Facts

Formosa Plastics Corporation purchased the Baton Rouge plastics manufacturing plant in 1981. William Wilson worked as either a lab technician or mechanic at the plant since 1966. The plant is divided into several sections related to different manufacturing processes. Before Formosa restructured the chain of command, each section included a supervisor, who managed the section, and a planner, who acted as an assistant supervisor. Formosa also employed Harmony, an independent contractor, which managed its own employees at the plant.

In 1998, supervisory positions opened in the PVC, VCM-II, and Powerhouse sections. When the former supervisors resigned, Formosa decided to restructure the chain of command in the VCM-II and Powerhouse sections by combining the Supervisor and Planner jobs into one position. Formosa chose not to restructure the PVC section.

Formosa put Maintenance Manager Michael Koai in charge of evaluating candidates for the three supervisory positions. Using a scale of one to ten, Koai ranked the candidates according to their experience in the section, communication skills, supervising experience, and past performance record. Koai included Wilson as

2

a candidate for the PVC and VCM-II positions, but decided not to include Wilson in his consideration for the Powerhouse position due to Wilson's lack of experience in that section. After Koai concluded his review, Formosa promoted Sam Blanchard, the former Planner in the Powerhouse section, as Supervisor/Planner in the Powerhouse section; Harold Caminita, the former Planner in the VCM-II section, as Supervisor/Planner in the VCM-II section; and Gerard Smith, the Harmony foreman, as the Supervisor in the PVC section. According to Koai, these three white males were more qualified for the position than Wilson.

Wilson filed a claim with the EEOC alleging age and race discrimination.[1] After receiving a right to sue letter from the EEOC, Wilson sued Formosa in the Middle District of Louisiana, alleging violations of Title VII of the Civil Rights Act of 1964 and seeking damages for breach of Formosa's employment policies. The district court granted summary judgment in favor of Formosa. Wilson timely appeals the district court's final judgment.

## II. Standard of Review

This Court reviews the grant of summary judgment *de novo*, applying the same standard as the district court. *See Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). "Summary judgment is proper when the evidence, viewed in the light most favorable to the

---

[1]The district court dismissed Wilson's age discrimination claim under the ADEA for lack of evidence. Wilson does not raise an age discrimination issue on appeal.

non-movant, reflects no genuine issues of material fact." *Rubinstein v. Administrators of the Tulane Educational Fund*, 218 F.3d 392, 399 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1393 (2001). "If a fact question is dispositive of a motion for summary judgment, 'we must review the facts drawing all inferences most favorable to the party opposing the motion." *See Walker*, 214 F.3d at 624 (quoting *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989)).

### III. Wilson's Title VII Claim

To survive a motion for summary judgment, a Title VII plaintiff must first establish a prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Pratt v. City of Houston, Texas*, 2001 WL 327165, *3 (5th Cir. April 19, 2001). A prima facie case consists of proof that the plaintiff (1) is a member of a protected class; (2) was qualified for the position; (3) was not promoted; and (4) either the position was filled by someone not in the protected class, or the person was not promoted because of his race. *See Rutherford v. Harris County, Texas*, 197 F.3d 173, 179 (5th Cir. 1999). We will presume for purposes of this appeal that Wilson presented sufficient evidence to establish a prima facie case.

Once the plaintiff demonstrates a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its employment decision. *See McDonnell*

4

*Douglas Corp.*, 411 U.S. at 802-04. If the employer articulates a non-discriminatory explanation, the burden once again shifts to the plaintiff to prove that the employer's reason was merely pretext for discrimination. *See id.*

To review a district court's order granting summary judgment, we must determine "whether a rational fact finder could find that the employer discriminated against the plaintiffs on the basis of race." *Pratt*, 2001 WL 327165, at *3 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)). A "plaintiff's prima facie case, combined with sufficient evidence to find that the employer's justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 148 (2000). However, "if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination occurred," summary judgment is appropriate. *Id.*

Formosa claims that the three white employees were better qualified for the position than Wilson. According to Formosa's uncontradicted evidence, the two employees who filled the Supervisor/Planner positions in the VCM-II and Powerhouse sections previously served as the Planner in each of their respective sections. Under the former management structure, the Planner was second in the chain of command and would periodically perform the

5

Supervisor's duties. Formosa contends that the Harmony foreman who filled the PVC Supervisor position was also more qualified than Wilson. The Harmony foreman had extensive supervisory experience over the Harmony employees at the Formosa plant and was familiar with Formosa's administrative procedures. Formosa also claims that the former PVC section supervisor recommended the Harmony foreman as his successor. Formosa argues that Wilson did not have the supervisory experience or administrative skills to qualify for the jobs.

Wilson argues that there is sufficient evidence to rebut Formosa's non-discriminatory explanation. Wilson claims that Koai neglected to consider his supervisory experience in comparing him to the other candidates and that Formosa should have considered him for the Powerhouse position. He also argues that Formosa's original statement to the EEOC that he was not considered for any position was false, and therefore undermines Formosa's non-discriminatory explanation.

Wilson's arguments fall short of creating an issue of fact concerning the legitimacy of Formosa's non-discriminatory reason. Even if Koai should have considered Wilson for the Powerhouse position and failed to take account of all Wilson's supervisory experience, and even if Formosa misrepresented facts to the EEOC, there is no evidence that the individuals who Formosa promoted were

not more qualified than Wilson.[2]  Wilson has not produced evidence that his supervisory and administrative experience was comparable to the individuals who were hired.  On the basis of the summary judgment evidence, a rational factfinder could not conclude that Formosa intentionally discriminated against Wilson.  We therefore affirm the district court's order granting summary judgment in favor of Formosa on Wilson's Title VII claim.

## IV. Breach of Employment Policies

Under Louisiana law, an employment policy may bind the employer if the policy amounts to a contractual obligation.  *See Keller v. Sisters of Charity of the Incarnate Word*, 597 So.2d 1113, 1115 (La. App. 2 Cir. 1992).  A valid contract requires four elements: "(1) the parties must possess the capacity to contract; (2) the parties' mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose."  *Id.*  An employer may also "be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."  LA. CIV. CODE ANN. art. 1967.

---

[2]Formosa later corrected its original statement to the EEOC that Wilson was not considered for any of the positions.  In light of the abundant and uncontroverted evidence that Formosa promoted the most qualified individuals, its originally misstatement creates, at best, a weak issue of fact as to whether Formosa's non-discriminatory reason was false.  *See Reeves*, 530 U.S. at 148.

7

Louisiana courts have declined to impose contractual obligations on employers for policies that create only general guidelines for employment decisions. *See Keller*, 597 So.2d at 1115; *Schwarz v. Administrators of the Tulane Educational Fund*, 699 So.2d 895, 898 (La. App. 4 Cir. 1997). However, employment policies that assure employees that they will receive certain benefits, combined with evidence that the employees relied on the policy as a part of their employment contract, may create a binding obligation. *See Fairbanks v. Tulane University*, 731 So.2d 983, 985-87 (La. App. 4 Cir. 1999).

Wilson points to the following language in Formosa's 1-3 Employment Policy:

> In filling vacancies, all the Company locations will, whenever possible, promote a qualified employee to the position before considering outside applicants. In pursuing this goal the Company will adhere to the principles of equal employment opportunity and affirmative action. This means that all qualified applicants will receive consideration for employment, promotions, and transfers regardless of race, color, religion, sex, national origin, age or disability.

Wilson contends that Formosa breached a contractual obligation arising from the policy when it hired the Harmony foreman as Supervisor of the PVC section and failed to consider Wilson for the

8

Powerhouse position. Wilson did not present any evidence of employee reliance on the policy provision.

We find that Formosa's policy falls into the category of cases involving general employment guidelines. *See Keller*, 597 So.2d at 1115; *Schwarz,* 699 So.2d at 898. The policy simply states a preference for promoting qualified applicants within the company over applicants outside the company and claims that Formosa will abide by the laws against discrimination when it makes employment decisions. The policy does not confer a material benefit on which Wilson reasonably relied. *See Fairbanks*, 731 So.2d at 985-87 (concluding that issues of fact precluded summary judgment involving Tulane University's policy of providing faculty children with tuition waivers). Accordingly, we affirm the district court's order granting summary judgment in favor of Formosa on Wilson's claim for breach of the employment policy.

AFFIRMED