Dear Mr. Doherty:
You advise this office that the St. Landry Parish Solid Waste Disposal District contemplates the termination of an unclassified district employee. This employee has no employment contract. In addition, this employee has recently been convicted of a felony offense. The District presents questions to this office concerning the legality of the proposed termination.
At the outset, it is necessary to discuss the at-will employment doctrine. The source of the at-will doctrine in Louisiana is Civil Code Article 2747, stating:
 Art. 2747. Contract of servant terminable at will of parties.
 A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
A non-civil service governmental employee who has no employment contract may be dismissed at any time, for any reason or no reason at all, without incurring liability for the discharge. SeeThebner v. Xerox Corp. 480 So.2d 457 (La.App. 3rd Cir. 1985) writden. 484 So.2d 139 (La. 1986). Absent any specific statutory requirement or contractual agreement regulating the employment relationship of the parties, termination is at the will of either party, and in case of a governmental entity, termination is at the will of the appointing officer, provided no restraints are placed on his power. Jackson v. East Baton Rouge Parish IndigentDefenders Board, 353 So.2d 344 (La.App. 1st Cir. 1977), writdenied, 354 So.2d 1385 (1978).
Similarly, the United States Supreme Court stated in Vitarelli v.Seaton, 359 U.S. 535, 79 S.Ct. 968, 3L.Ed.2d 1012 (1959) that "in the absence of legislation to the contrary, governmental employment may be terminated at the will of the appointing officer". A mere subjective expectancy of continued employment without more does not create a property interest which would be protected by procedural due process. See Perry v. Sinderman,408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), see also Cowart v.Lee, 626 So.2d 93 (La.App. 3rd Cir. 1993), at page 93.
"Employment at will" applies even to government employees who are not protected by civil service provisions as well as to private industry employees. See Mix v. University of New Orleans,609 So.2d 958 (La.App. 4th Cir. 1992), writ den., 612 So.2d 83 (1993). There are no "public policy exceptions" to this doctrine. See Guillory vs. St. Landry Parish PoIice Jury, 802 F.2d 822 (5th Cir. 1986) cert. denied, 482 U.S. 916 (1987). Further, "unfairness" or unreasonableness" in terminating an employment relationship are not recognized exceptions to the employment at will doctrine. See Williams vs. Delta Haven, Inc., 416 So.2d 637
(La.App. 2nd Cir. 1982)
In contrast, note that a public employee who has a property interest in his job cannot be fired without due process of law. See Cleveland Bd. of Education vs. Loudermill, 470 U.S. 532,105 S.Ct. 1487, 84 L.Ed. 2d 494 (1985). Whether one has a property interest in his job is determined by state law. Bishop vs. Wood,426 U.S. 341, at 347, 96 S.Ct. 2074, at page 2078-79,48 L.Ed.2d 684 (1976). It is this property interest that entitles the employee to due process of the law and typically requires that they are afforded a pre-termination hearing. See Tolliver vs.Concordia Waterworks District #1, 735 So.2d 680 (La.App. 3rd Cir. 1999).
Under Louisiana law, there are three ways in which a public employee can have a property interest in his job: (1) he has an employment contract for a definite term; (2) the employee and employer contracted to allow termination only for cause (3) he is a permanent classified employee under the Louisiana civil service system.[1] If the employee falls within any of these three categories, the employee is no longer considered an at-will employee.
It is pertinent to note here that there are no Louisiana cases holding that employee manuals confer any contractual rights upon employees or create any exceptions to the "employment at will" doctrine. Louisiana courts have held that employee manuals as well as company policies and procedures do not confer contractual rights upon employees. See Wall vs. Tulane University,499 So.2d 375 (La.App. 1986); Williams vs. Delta Haven, Inc., 416 So.2d 637
(La.App. 1982); Aldahir vs. Mobile Exploration Prod. Southeast,Inc., 420 So.2d 714 (La. .App. 1982); Gilbert v. Tulane University909 F.2d 124 (5th Cir. 1990).
Based on the foregoing, we conclude that the District may discharge this employee at will, as he has no property interest in his job. In other words, the District may discharge this employee without reference to R.S. 42:1414.[2] R.S. 42:1414 places amandatory duty upon the District to discharge an employee who has been convicted of a felony offense, where in other instances the District may or may not terminate an employee at its discretion. The employee under consideration here argues that R.S. 42:1414 is inapplicable to him, but his argument is without merit. The inapplicability of R.S. 42:1414 to a situation merely releases the mandatory obligation placed upon the District to terminate; the District retains its discretionary ability to terminate this at — will employee for any reason.
Noting again that the inapplicability of R.S. 42:1414 to a particular situation does not provide a defense against termination to an employee who is otherwise dischargeable at will, we discuss the issues raised in your letter regarding R.S.42:1414. R.S. 42:1414 states:
 § 1414. State, district, parish, ward, and municipal employees; termination for conviction of a felony
 The employee-employer relationship existing between a state, district, parish, ward, or municipal employee, whether classified or unclassified, and the state, district, parish, ward, or municipality, as applicable, shall be terminated and such employee shall be removed from his position of employment with the state, district, parish, ward, or municipality, as applicable upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within ten days after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state, district, parish, ward, or municipal employee who is convicted of a felony and is holding a position of employment with such agency. For the purposes of Article X, Section 8(A) and Article X, Section 46(A) of the Louisiana Constitution and any provision of law relating to disciplinary action taken against a state employee including any provision of law relating to post-employment benefits, final conviction of a felony shall be a cause for termination of a state, district, parish, ward, or municipal employee.
This office has previously determined that R.S. 42:1414 does not set forth a prescriptive period. In Attorney General Opinion 93 — 50 this office stated "R.S. 42:1414 ipso facto terminates the employer-employee relationship between the State and a state employee upon his conviction of a felony during his employment . . . . R.S. 42:1414 mandates effectuation of the termination of the employee within [10 days] after the conviction becomes final. This mandatory duty of the employer is not a prescriptive period that would prevent the employer from terminating an employee when that period has expired."
Act 353 of the 1982 Louisiana Regular Legislative Session enacted R.S. 42:1414. Act 240 of the 2003 Regular Legislative Session amended R.S. 42:1414 to expand the employer-employee relationship from a state employee and the state to include "a state, district, parish, ward or municipal employee .and the state, district, parish, ward or municipality".
The date of hire would have import here if the individual in question was hired by the District prior to the passage of Act 240. Again, in such instance the District is relieved of its mandatory duty to terminate; the District may still terminate an at-will employee for any reason. We attach a copy of Attorney General Opinion 82-907, where this office addressed the issue of retroactive application of R.S. 42:1414 as follows:
 The Act contains no provision stating that it should be accorded retroactive effect. Pursuant to the provisions of C.C. art 8 and R.S. 1:2 laws enacted by the legislature have prospective application and cannot be accorded retroactive effect unless the act expressly states that it is to be given such effect. Further, the jurisprudence holds that laws cannot be applied retrospectively in cases where substantive rights have vested or in cases where such application would result in the impairment of the obligation of contracts .(citations omitted) Requiring CHNO to terminate convicted felons who were employed prior to the passage of the Act would require retroactive application of the Act. Nothing in the Act evidences an intention that it should be applied retroactively. Therefore, in our opinion CHNO is not required to terminate such employees.
Finally, Louisiana courts have held that employee manuals as well as company policies and procedures do not confer contractual rights upon employees. The employee's argument that the District's failure to include grounds for dismissal in the employee manual acts to preclude his dismissal is, in our opinion, without merit.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] In Louisiana, a permanent classified civil service employee has a protected property interest in his job. Bell v. Dept. ofHealth and Human Resources, 483 So.2d 945, 949-50 (La.) cert.denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed. 2d 55 (1986). Under the Louisiana Constitution, classified service is the rule: All state employees are members of the classified civil service unless their positions are specifically excepted from classified service by law. See La. Const. Art. 10, § 2(A) (1974), stating that "the state and city civil service is divided into the unclassified and the classified service. Persons not included in the unclassified service are in the classified service." The Louisiana Constitution, in Article 10, § 2(B) (1974) lists which jobs are unclassified.
[2] While R.S. 42:1414 is unconstitutional as applied to classified employees, the Louisiana Supreme Court also held the statute was severable and enforceable with respect to unclassified employees. See AFSCME Council vs. Department of Health Hospitals, 789 So.2d 1263 (La. 2001).