669 So.2d 608 (1996)
William J. STEVENSON, Plaintiff-Appellant,
v.
LAVALCO, INC., Defendant-Appellee.
No. 28020-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
Writ Denied May 17, 1996.
*610 Peatross, Greer & Frazier by Charles B. Peatross, Kenneth Craig Smith, Jr., Shreveport, for Appellant.
Wiener, Weiss, Madison & Howell by Mark L. Hornsby, Jacques L. Wiener, III, Shreveport, for Appellee.
Before MARVIN, SEXTON and WILLIAMS, JJ.
SEXTON, Judge.
Plaintiff, Stevenson, appeals a judgment sustaining an exception of no cause of action in favor of defendant, Lavalco. We affirm.

FACTS
William J. Stevenson III, accepted a position as vice president of marketing and sales with Lavalco, Inc., beginning January 6, 1992. Stevenson relocated his family from Connecticut to Louisiana, incurring numerous expenses. Lavalco paid Stevenson $75,000 a year, enrolled him in an employee incentive award program and stock appreciation plan, and provided him a company car, pension plan, medical, life and disability insurance and relocation expenses. On June 26, 1992, Lavalco fired Stevenson.
Stevenson sued Lavalco, Inc. for intentional infliction of emotional harm, and equitable estoppel on April 12, 1993, based on the alleged "wrongful termination." Lavalco filed an exception of no cause of action which the trial court granted. On March 31, 1994, while the parties were unable to agree upon language for the proposed judgment dismissing the suit, Stevenson amended his petition, incorporating the first petition, and specifically charging Lavalco with "extreme and outrageous conduct" and the desire "to bring about petitioner's emotional distress" as well as detrimental reliance upon on the representations of Lavalco. On June 10, 1994, Lavalco again filed an exception of no cause of action. Subsequently, the trial court rendered judgment for Lavalco on the exception of no cause of action and dismissed the suit. It is from this ruling that Stevenson appeals.

DISCUSSION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. Art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La. 1993).
Relevant to the issue of employment at will, LSA-C.C. Art. 2749 states:
If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.
Further, LSA-C.C. Art. 2747 states:
A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
Where an employee is employed for an indefinite term, Louisiana law allows the employment relationship to be terminated at the will of either party. Roberts v. Louisiana Bank & Trust Co., 550 So.2d 809 (La. App. 2d Cir.1989), writ denied, 552 So.2d 398 (La.1989). Reasons for termination need not be accurate, fair or reasonable. Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App.2d Cir.1982). An employee hired for an indefinite term has no action against his employer for wrongful discharge. Hoover v. Livingston Bank, 451 So.2d 3 (La.App. 1st Cir. 1984); LSA-C.C. Art. 2747.
Stevenson concedes he was an employee at will and therefore subject to dismissal at any time; however, he attempts to recover from Lavalco based on intentional infliction of emotional distress and equitable estoppel. He first argues that these separate causes of action or theories of recovery are maintainable *611 despite the provisions of LSA-C.C. Art. 2747, which eliminates the cause of action for wrongful termination when an employee who is not hired for a fixed term is fired for any cause. Secondly, he argues that because intentional infliction of emotional distress and equitable estoppel are available theories of recovery, as opposed to causes of action, which arise from the operative facts of a single transaction or occurrence, the trial court in effect granted a partial summary judgment contrary to the holding in Everything On Wheels Subaru, Inc. v. Subaru South, Inc., supra, (which holds that partial summary judgment is not available to dismiss only one of the theories of recovery in light of the fact that there is truly only one cause of action).
We first address Stevenson's contention that intentional infliction of emotional distress and equitable estoppel are maintainable causes of action under these facts.

Intentional Infliction of Emotional Distress
In order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto, Co., 585 So.2d 1205 (La.1991).
The outrageous conduct requirement has been defined as "conduct which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012, 1020 (La.App.2d Cir. 1987), writ denied, 512 So.2d 1183 (La.1987).
As the basis for his claim of intentional infliction of emotional distress, Stevenson alleged in his original petition that Lavalco
did not employ petitioner in good faith and knowingly hired him to specifically accomplish the objectives set forth in Paragraph 5 hereinabove, with the intention of terminating petitioner's employment with the company once those objectives had been accomplished, well aware of the certain emotional distress that would result to petitioner from its outrageous conduct.
By amended petition, Stevenson alleges that "the termination of petitioner was extreme and outrageous conduct in light of defendant's representations, the petitioner's reliances and the defendant's knowledge of petitioner's reliances."
Since Stevenson was an "at will" employee, Lavalco was free to terminate his employment for any reason pursuant to the provisions of LSA-C.C. Art. 2747. The allegations relating to Stevenson's claim for intentional infliction of emotional distress cannot be separated from the termination of Stevenson's employment. Said another way, Stevenson would have no claim for intentional infliction without the termination. Therefore, this claim is a claim for intentional infliction of emotional distress due to wrongful termination. By law, Stevenson has no claim for wrongful termination. It follows that Lavalco operated within the rights afforded it by the Louisiana Civil Code. The parties to an employment arrangement such as this one, should know the risks associated with the absence of an employment contract. One of those risks is obviously termination of employment only after a short period of time. Certainly, this situation was contemplated by the legislature which made no provision for it. To classify the actions of Lavalco as "extreme and outrageous" and thereby attach possible liability for emotional distress, a risk inherent in the nature of the relationship, is to violate the intention of Art. 2747. Accordingly, Stevenson's claim for intentional infliction of emotional distress based upon wrongful termination will not lie. Hammond v. Medical Arts Group, Inc., 574 So.2d 521 (La.App. 3d Cir.1991).

Equitable Estoppel
Equitable estoppel has been defined as the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is *612 allowed to repudiate the conduct. The doctrine is based on equitable considerations of good faith and is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations or silence. Knippers v. Lambard, 620 So.2d 1368 (La.App. 2 Cir.1993), writ denied, 629 So.2d 1169 (La.1993).
Equitable Estoppel is not favored under Louisiana law because it "bars the normal assertion of rights." Gilbert v. Tulane University, 909 F.2d 124 (5th Cir.1990); Thebner v. Xerox Corp., 480 So.2d 454 (La. App. 3d Cir.1985), writ denied, 484 So.2d 139 (La.1986).
Three requirements must be met in order for equitable estoppel to be applied: (1) a representation by conduct or word by the person sought to be estopped; (2) justifiable reliance thereon; and (3) a change in position because of that reliance to the detriment of the party asserting estoppel. Edwards v. Conforto, 636 So.2d 901 (La.1993).
In his amended petition, Stevenson alleges:
The defendant made certain representations to petitioner as set forth in prior paragraphs.
The petitioner justifiably relied on the representations made by the defendant.
The petitioner sustained a detrimental change in his position and in his family's position due to his justifiable reliance as shown in prior paragraphs.
After a thorough review of the original and amended petitions, we conclude the only allegations of representations made by Lavalco to Stevenson concerned his employment, which was at will, and his compensation package. Inherent in the "at will" nature of the employment agreement was the possibility that the employment may be terminated at any time, without any cause. Therefore, any claimed reliance on representations that the employment would be permanent or corresponding changes in position thereon are misplaced. We adopt the trial court reasoning in this regard:
Plaintiff had to have understood the risks inherent in accepting this employment position since he did not secure any protection for himself through an employment contract or through other means. Plaintiff bore these risks when he relocated his family from Connecticut to Louisiana. It is unfortunate that plaintiff and his family relocated then become [sic] unemployed after six months.
Therefore, petitioner has stated no cause of action based upon either intentional infliction of emotional distress or equitable estoppel. In light of this determination, it is therefore unnecessary to address plaintiff's second argument relating to the classification of intentional infliction and equitable estoppel as separate causes of action or theories of recovery.
Normally, a plaintiff losing an exception of no cause shall be allowed to amend the petition when the grounds pleaded by the exception may be removed. However, if the grounds may not be so removed, the action shall be dismissed. LSA-C.C.P. Art. 934. In light of our determination that plaintiff is unable to state a cause of action, this action is dismissed.
For the foregoing reasons, the judgment of the trial court dismissing this action is affirmed at appellant's costs.
AFFIRMED.