674 So.2d 989 (1996)
In the Matter of the SUCCESSION OF William CALHOUN and His Wife, Bertha Calhoun.
No. 28233-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
*990 Sharp & Sharp, by: James Sharp, Jr., Leola Pinkston Jones, Monroe, for Appellant.
Boles, Boles & Ryan, by: Charles H. Ryan, Carolyn Calhoun Loring, Monroe, for Appellee.
Before SEXTON, BROWN and GASKINS, JJ.
BROWN, Judge.
William and Bertha Calhoun were married in 1943. They possessed only community property at the time of William's death in 1980. Bertha died on September 14, 1993, and her sister, Leola Jones, petitioned for possession of the estate as the sole surviving heir.[1] Ms. Jones obtained a judgment of possession on June 1, 1994.
On July 12, 1994, Carolyn Calhoun Loring, who was raised by William and Bertha Calhoun, petitioned to set aside the judgment of possession and to probate an olographic testament allegedly executed by Bertha Calhoun.[2] The purported testament, found inscribed on two pages in the decedent's Bible, left the entire estate to Ms. Loring and her son, Perry Taylor.
At the conclusion of the probate hearing, the court found the olographic testament authentic. The court vacated the judgment of possession and entered judgment placing Ms. Loring and her son into possession of Bertha Calhoun's estate. On appeal, Ms. Jones argues that the testament was not proven in accordance with LSA-C.C.P. Art. 2883 and that her motion for new trial should have been granted. We affirm.

DISCUSSION

Probate of the Testament
An olographic testament is that which is entirely written, dated, and signed by the testator. The olographic testament is subject to no other form. LSA-C.C. Art. 1588. The olographic testament must be proved by two credible witnesses testifying that the handwriting on the instrument is that of the testator. LSA-C.C.P. Art. 2883.
In the instant case, the document is handwritten on two blank pages bound in the decedent's Bible. At the end, appears a signature and date. Robert Foley, a forensic document examiner, was furnished six known examples of Mrs. Calhoun's handwriting which he compared with the handwriting inside the Bible. Foley concluded that the entire testament was written, dated, and signed by Bertha Calhoun. His opinion was premised upon the legitimacy of the samples furnished.
Although counsel for appellant stipulated to Foley's expertise, he argues that Foley was not a qualified witness because he was not personally acquainted with Bertha Calhoun's handwriting. Appellant has cited no authority for the exclusion of testimony by a handwriting expert in proving the authenticity of an olographic testament. On the contrary, the testimony of handwriting experts has been deemed credible and sufficient to help prove the validity of olographic testaments. See Succession of Lyons, 452 So.2d 1161 (La.1984); Currie v. Currie, 348 So.2d 704 (La.App. 1st Cir.1977). A handwriting expert qualifies as a credible witness under LSA-C.C.P. Art. 2883. Obviously, the strength of an expert's opinion depends upon the legitimacy of the samples used for comparison and his experience, knowledge and skill. Foley's experience, knowledge and skill were unquestioned and the probate court found the samples used for comparison to have been written by Mrs. Calhoun.
*991 Citing LSA-C.C. Arts. 1591 and 1592, appellant argues that the probate court erred in receiving and deeming credible the testimony of the two legatees. Article 1591 is inapplicable as legatees are not among those listed as absolutely incapable of witnessing a testament. Article 1592, however, states that testaments cannot be witnessed by those who are constituted heirs or named as legatees. These two articles address those excluded from serving as witnesses to the execution of testaments and are not applicable to proving the authorship of an olographic testament. An interest in the estate is not grounds for disqualification as a witness for purposes of LSA-C.C.P. Art. 2883. Rather, such an interest is a factor affecting the credibility of the legatee's testimony. See Succession of Lyons, supra; Succession of Jones, 356 So.2d 80 (La.App. 1st Cir.1978), writ denied, 357 So.2d 1168 (La.1978).
Perry Taylor, Ms. Loring's 16-year-old son, testified that Bertha Calhoun had shown him the testament inscribed in the Bible during one of his frequent visits to her house. Perry also testified that he recognized the handwriting within the Bible as that of Bertha Calhoun. Carolyn Loring testified that she was unaware of the existence of the testament until her children showed her the Bible following Mrs. Calhoun's death. Ms. Loring also recognized the handwriting as that of Bertha Calhoun. The court heard contrary testimony from Ms. Jones and her witnesses. The judge's assessment of the credibility of these witnesses was reasonable and will not be disturbed on appeal.

Motion for New Trial
Ms. Loring filed in the probate court a motion to fix and assign costs. At the hearing, counsel for appellant objected, citing a pending motion for new trial. The record, however, did not contain a new trial motion. Testimony was presented suggesting that the motion was timely filed, but sent directly to the judge without recordation and was subsequently lost. Based upon this testimony, the new trial motion was considered and denied by the court. On appeal, Ms. Loring argues that the motion should never have been considered while Ms. Jones argues that it should have been granted.
A pleading is filed in an action when it has been delivered to the clerk of court for that purpose. State in the Interest of Lawrence v. Harrell, 582 So.2d 940 (La. App.2d Cir.1991). The clerk's failure to endorse and file the motion is not imputable to the mover and the trial court did not err in deeming the motion timely filed. Neither did the trial court err in denying the motion for new trial. Appellant's arguments that the judgment was contrary to the law or evidence have been dismissed above. No other grounds for new trial have been asserted. The motion was thus properly denied.

CONCLUSION
The olographic testament of Bertha Calhoun was proven and properly probated. The trial court did not err in considering appellant's motion for new trial nor did the court err in denying the motion. Accordingly, the judgment below is affirmed. Costs of this appeal are assigned to appellant.
AFFIRMED.
NOTES
[1] Because they had no children and only community property, William Calhoun's one-half interest belonged to Bertha Calhoun.
[2] Ms. Loring claimed to be the only child of William and Bertha Calhoun; however, this was not made an issue at the probate proceedings. Apparently, Ms. Loring was born in 1960 and taken home from the hospital by Mrs. Calhoun, who was then 47 years old, and thereafter raised but not adopted by the Calhouns.