708 So.2d 1190 (1998)
Melissa Carroll WALLACE, Plaintiff-Appellant,
v.
David Jerome WALLACE, Defendant-Appellee.
Nos. 30079-CA, 30080-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1998.
*1191 Frank Sloan, Covington, for Plaintiff-Appellant.
Mark M. Dennis, Metairie, for Defendant-Appellee.
Before STEWART, GASKINS and PEATROSS, JJ.
PEATROSS, Judge.
Melissa Carroll Wallace ("Melissa") appeals the judgment of the trial court which awarded her post-divorce alimony in the amount of $450 per month against her ex-husband, David Jerome Wallace ("David"), and which limited the payments to a period of 36 months. Melissa claims that the trial court improperly granted a motion for new trial because David never filed such a motion; and, therefore, the resulting judgment is a nullity. In the alternative, Melissa argues that the trial court erred in limiting the payment of alimony to 36 months. This court held the appeal in abatement and remanded the matter to the trial court for the taking of additional evidence related to the purported filing of a Motion for New Trial. The record has been supplemented with a transcript of the evidentiary hearing held by the trial court and the evidence entered at that hearing. For the following reasons, we amend the judgment of the trial court and, as amended, affirm.

FACTS
Melissa and David were divorced by judgment dated March 31, 1993. Subsequent to the divorce, Melissa filed a petition seeking to be declared free from fault in the dissolution of the marriage and to be awarded permanent alimony. By judgment dated September 21, 1995, David was ordered to pay Melissa $1,000 per month in permanent alimony. In a hearing held on August 26, 1996, however, the trial court granted a new trial on the issue of the amount of alimony. The new trial was held on October 14, 1996, and on December 3, 1996, the trial court rendered judgment awarding Melissa permanent alimony in the amount of $450 per month for a period of 36 months. Melissa appeals the judgment of the trial court.

DISCUSSION
In her first assignment of error, Melissa argues that David never filed a motion for new trial and, as a result, the trial court improperly ordered such motion and the resulting judgment is a nullity. The record, after remand, contains the original cover letter and Motion for New Trial mailed by David's attorney to the Clerk of Court for Ouachita Parish. The cover letter shows a "received" stamp by the Ouachita Clerk of Court which is dated September 25, 1995. In addition, James Hobbs, Melissa's original attorney, testified that his records contained a copy of the cover letter and the motion for new trial.
A pleading is filed in an action when it has been delivered to the clerk of court for that purpose. Succession of Calhoun, 28,233 (La.App. 2d Cir. 4/3/96), 674 So.2d 989; State in the Interest of Lawrence v. Harrell, 582 So.2d 940 (La.App. 2d Cir. 1991). The clerk's failure to endorse and file the motion is not imputable to the mover. Succession of Calhoun, supra. We conclude the Motion for New Trial was filed and, thus, the judgment is not a nullity.
*1192 Melissa next argues that the trial court erred in limiting the payment of alimony to 36 months. She contends that this is a lump sum amount of alimony and, since the parties did not consent to such, is in violation of La. C.C. art. 112(B), which states in pertinent part:
B. (1) The court may award alimony in lump sum in lieu of or in combination with permanent periodic alimony when circumstances require it or make it advisable, and the parties consent thereto. (Emphasis added)[1]
A lump sum award is permissible only when the parties consent thereto. In the present case, the parties have not consented to a lump sum award and, therefore, the trial court's judgment must have granted Melissa permanent periodic alimony. See Martin v. Martin, 573 So.2d 620 (La.App. 2d Cir.1991) and Thibodeaux v. Thibodeaux, 95-671 (La.App. 5th Cir. 1/30/96), 668 So.2d 1269. La. C.C. art. 112 does not allow for permanent periodic alimony to be cut off at an arbitrary date. Hegre v. Hegre, 483 So.2d 920 (La.1986). Based on the foregoing, we amend the trial court's judgment to delete the limitation of alimony to 36 months and, as amended, affirm.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to delete the limitation of alimony to 36 months and, as amended, affirmed. Costs of this appeal are assessed equally between the parties.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] We note that La. C.C. art. 112 was amended by 1997 La. Acts 1078 § 1, effective January 1, 1998, but conclude that the new article is not retroactive.