756 So.2d 1270 (2000)
Johnetta Burch MACK, Plaintiff-Appellee,
v.
Linda EVANS, Defendant-Appellant.
No. 33,823-CA.
Court of Appeal of Louisiana, Second Circuit.
April 7, 2000.
Rehearing Denied May 4, 2000.
*1271 Margareta M. Lahme, Lafayette, Counsel for Appellant.
Bobby L. Culpepper, Jonesboro, Counsel for Appellee.
Before WILLIAMS, KOSTELKA and DREW, JJ.
PER CURIAM.
Appellee Johnetta Mack has filed a motion to dismiss this appeal as untimely. Trial of this matter was conducted on January 20, 1999, and the judgment in this case was signed on May 3, 1999. Appellant filed a motion for appeal on November 22, 1999.
The clerk of the trial court has confirmed by letter to this Court that it mailed a copy of the judgment to the parties. However, the date of the mailing of this notice is unclear from the clerk's letter. We assume arguendo that the clerk mailed the copy of the judgment to the parties on May 5, 1999, the date of the letter. Accordingly, Ms. Evans had until May 14, 1999 to timely file a motion for new trial. La. C.C.P. art. 1974.
At the pertinent time, La. C.C.P. art. 1913 provided, in part:
. . .
B. Except as otherwise provided by Article 3307, in every contested case, except in the case where the judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present, notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
C. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
. . .
In Johnson v. East Carroll Detention Center, 27,075 (La.App.2d Cir.6/21/95), 658 So.2d 724, this Court interpreted La. C.C.P. art. 1913 and stated:
The delay for applying for a new trial and for appealing is triggered by the actual mailing of notice of judgment or a copy of the judgment. Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir. 1982). When notice of judgment is required, the delay for filing an application for a new trial commences to run the day after the clerk has mailed, or the sheriff has served, the notice of judgment. LSA-C.C.P. Art. 1974. The delay for taking an appeal does not begin to run until the expiration of the new trial delays. LSA-C.C.P. Arts. 2087, 2123. Any actual knowledge of the signing of the judgment outside the record and absent compliance with the mailing or service requirement, is not sufficient to cause the new trial and appeal delays to commence.
According to appellant, the motion for new trial was faxed to the clerk of the district court on May 10, 1999 and mailed on May 11, 1999. Appellant has provided a postal receipt, dated May 11, 1999, in an attempt to document the mailing. The motion for new trial in the original appellate record bears a stamp showing it filed on June 29, 1999. However, this same motion was signed by the trial judge on May 13, 1999. *1272 The motion does not bear a stamp showing the time it was received by the district court clerk. A pleading is filed in an action when it has been delivered to the clerk of court for that purpose. Wallace v. Wallace, 30,079, 30,080 (La.App.2d Cir.2/25/98), 708 So.2d 1190; Succession of Calhoun, 28,233 (La.App.2d Cir.4/3/96), 674 So.2d 989; State in the Interest of Lawrence v. Harrell, 582 So.2d 940 (La. App. 2d Cir.1991).
From the record before us we are unable to determine when the appellant's motion for new trial was received by mail by the clerk of the trial court. Given that the motion filed into the record was signed by the trial judge on May 13, 1999 and bears no indicia that it is a fax filing, we hold that this record fails conclusively to show that Ms. Evans' motion for new trial was late. Appeals are favored and should be not dismissed unless the law clearly so requires. State in the Interest of DMH, 27,668 (La.App.2d Cir.5/4/95), 658 So.2d 1309.
An appeal taken while a timely motion for a new trial is pending is premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed. Sledge v. Continental Cas. Co., 26,472 (La.App.2d Cir.1/25/95), 654 So.2d 358, 364 (on rehearing). Accordingly, we set aside the judgment of the district court dismissing the motion for new trial, dismiss this appeal as premature, and remand the case to the district court for consideration of the motion for new trial on its merits.
MOTION TO DISMISS DENIED; APPEAL DISMISSED AS PREMATURE; REMANDED.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, KOSTELKA, and DREW, JJ.
Rehearing denied.