804 So.2d 730 (2001)
Johnetta Burch MACK, Plaintiff-Appellee,
v.
Linda EVANS, Defendant-Appellant.
No. 35,364-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2001.
Rehearing Denied January 17, 2002.
*732 Margareta M. Lahme, Lafayette, Counsel for Appellant.
Bobby L. Culpepper & Associates, by Bobby L. Culpepper, Jonesboro, Counsel for Appellee.
Before STEWART, KOSTELKA and DREW, JJ.
KOSTELKA, Judge.
After a trial of this matter in the Third Judicial District Court for the Parish of Union, Judgment was entered in favor of Johnetta Burch Mack ("Mack") and against Linda Evans ("Evans"), which Judgment Evans appeals. For the following reasons, we affirm.

FACTS
Mack and Evans are sisters. On July 2, 1990, Mack executed a Power of Attorney to Handle Succession Affairs and the Proceeds Therefrom ("power of attorney") in favor of Evans, who was thus empowered to administer Mack's portion of succession funds received from their deceased parents. Subsequently, on May 21, 1993, Mack executed an Act of Donation ("donation") in favor of Evans, wherein she donated all of the real estate she had inherited from her parents.
In September, 1997, Mack filed suit against Evans claiming that Evans, under the power of attorney, had divested her of property rights, which included oil, gas and mineral leases, timber proceeds, real estate and cash proceeds. Additionally, the suit alleged that the donation was null and void due to incapacity, ingratitude and non-fulfillment of conditions. Mack sought recovery of all real estate, funds and other properties.
A trial on the matter was held on January 20, 1999, after which Evans filed exceptions of prescription and no cause of action. Subsequently, the trial court issued a Judgment nullifying the donation on the grounds of fraud and/or non-performance of the oral condition. Evans' exceptions of prescription and no cause of action were denied, and she was ordered to account for all the property from the date of the power of attorney to the present. This appeal ensued.[1]

DISCUSSION

Standard of Proof and Nullity of Donation
In the trial court's Opinion, it reasoned that the donation was void on the grounds of fraud, and, apparently, applied a preponderance of the evidence standard, which Evans argues was in error.
*733 Louisiana C.C. art. 1483 states as follows:
A person who challenges a donation because of fraud, duress, or undue influence, must prove it by clear and convincing evidence. However, if, at the time the donation was made or the testament executed, a relationship of confidence existed between the donor and the wrongdoer and the wrongdoer was not then related to the donor by affinity, consanguinity or adoption, the person who challenges the donation need only prove the fraud, duress, or undue influence by a preponderance of the evidence.
Since Mack and Evans, as sisters, are related "by consanguinity," the trial court erred in its application of the standard of proof; however, such error does not necessitate either reversal or remand. In such a scenario, when a finding of fact is interdicted because of some legal error implicit in the fact-finding process or when a mistake of law forecloses any finding of fact, we must review the record de novo to render judgment. See, Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La.1980). Clearly, the detailed findings of the trial court stated in its Opinion support such a heightened burden, despite its statement regarding the erroneous standard of proof. Applying a de novo review of the merits, we find that the record does indeed support the heightened burden, leading us to reach the same conclusion as the trial court.[2]
The two elements essential to establishing legal fraud are an intent to defraud or gain an unfair advantage and a resulting loss or damage. La. C.C. art. 1953; Heyl v. Heyl, 445 So.2d 88 (La.App. 2d Cir.1984), writ denied, 446 So.2d 1228 (La.1984). In the instant case, the evidence presented at trial clearly shows that Mack suffered a resulting loss or damage in that she relinquished her ownership interest in all of the real estate she had inherited through her parents, for which Evans subsequently earned revenue through the sale of timber and lease of mineral rights. Thus, one necessary element of fraud was established.
Additionally, the record supports a finding that Evans had the requisite intent to defraud or gain an unfair advantage over her mentally-ill sister. We agree with the determination of the trial court that Mack's testimony was more credible than Evans'. Mack testified straightforwardly that Evans had misled her to believe it was necessary for her to donate her interest in the real estate in order to qualify for supplemental security income benefits and, that after the property was donated, Evans would care for her. On the other hand, Evans evasively testified that she could not remember telling Mack anything about her eligibility for supplemental security income benefits and that Mack had executed the donation simply out of an altruistic desire to make a gift to Evans.
Moreover, the events behind the execution of the power of attorney further lead us to suspect the credibility of Evans and her true motives behind securing the donation from her sister. The trial court pointed to various facts and circumstances regarding the power of attorney, which we agree taint Evans' credibility. Namely, we note Evans' assertion that Mack wanted her to have her power of attorney, *734 which was given in order to handle the succession affairs of their parents (which assertion Mack controverted in her testimony). However, we further note that the power of attorney and the judgment of possession were executed on the same day, which would make a power of attorney to handle their parents' succession affairs seemingly unnecessary. Evans testified that she deposited the cash funds from their parents' succession into accounts in only her name, although she could not recall the financial institution. And, whereas Evans later claimed to have kept an accounting of all monies she expended in caring for Mack, she could not account for the funds she obtained through their parents' succession, nor the funds she acquired through the sale of timber or lease of mineral rights derived from the immovable property the sisters inherited.
After assessing the credibility of the parties (the key witnesses in this litigation) and the testimony which depicted Mack's condition at the time the donation was executed (i.e., her depressed mental state and longtime economic reliance on Evans), we conclude that the evidence of record is "clear and convincing" that the donation was confected fraudulently and was correctly voided by the trial court.[3]
Evans argues in her second assignment of error that the trial court erred in its findings that the donation was null on the grounds of ingratitude, failure to satisfy a condition of the donation, and as a prohibited donation under La. C.C. art. 1498. First, whereas the Opinion goes into detail regarding the various reasons for nullifying the donation, the Judgment only addresses the nullity of the donation on the "grounds of fraud and/or non-performance of the oral condition." Thus, considering that an appeal lies from the judgment itself and not the reasons for judgment, we are not required to address those issues not raised by the Judgment. See, Kirkham, supra. Second, we note that our determination that the donation was null on the basis of fraud pretermits our addressing other reasons for which the trial court might have determined that the donation was null, erroneous or not.

Exceptions of Prescription and No Cause of Action
Upon the commencement of the trial, but prior to the submission of the case for decision, Evans raised exceptions of prescription and no cause of action, which were denied by the trial court, as reflected in both the Opinion and Judgment. Evans argues that said denials were in error.
Specifically as to the exception of prescription, said exception addressed Mack's allegation that the donation was null on the basis of Evans' ingratitude. Evans argued at trial and now that such an allegation had prescribed pursuant to La. C.C. art. 1561. However, we consider this assignment of error moot, considering our determination above that the donation was void on the grounds of fraud and not on the grounds of ingratitude.
Additionally, Evans argues on appeal that the trial court erred in denying her exception of no cause of action, claiming that Mack's petition failed to set forth sufficient grounds for nullifying the donation on the basis of fraud.
A peremptory exception of no cause of action is used by the defendant to *735 test the legal sufficiency of the petition by determining whether the law affords a remedy to the plaintiff on the facts that are alleged in the petition. Stevenson v. Lavalco, Inc. 28,020 (La.App. 2d Cir.02/28/96), 669 So.2d 608, 610, writ denied, 96-0828 (La.05/17/96), 673 So.2d 611. In determining whether a plaintiff has stated a cause of action, the court looks to the facts set out in the petition, accepting them as true without regard to extrinsic evidence. La. C.C.P. art. 931; Montalvo v. Sondes, 93-2813 (La.05/23/94), 637 So.2d 127, 131. The purpose of the exception is only to determine if a cause of action is pled and not whether the plaintiff will ultimately prevail at trial. When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991).
An appellate court reviews a trial court's ruling on an exception of no cause of action de novo because "the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition." City of New Orleans v. Board of Com'rs of the Orleans Levee Dist., 93-0690 (La.07/05/94), 640 So.2d 237.
Here, the record only reflects a general exception of no cause of action being raised by Evans and does not show the precise nature of the claim; however, on appeal, Evans elaborates and states that Mack failed to allege fraud with particularity as required by Louisiana law, and, thus, stated no cause of action against Evans.
Louisiana C.C.P. art. 856 states, in pertinent part, as follows: "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." A review of the record shows that Mack's Petition contains sufficient allegations that Evans fraudulently obtained Mack's power of attorney and donation. Additionally, our de novo review also shows that the evidence presented at trial was not outside the pleadings but supported the allegations initially made by Mack in her Petition. Therefore, we conclude there was no error by the trial court in denying Evans' exception of no cause of action.

Admissibility of Evidence
During Evans' testimony at trial, she attempted to introduce into evidence what she claimed were her bookkeeping records since 1990, alleged to show funds expended in caring for Mack. She also sought to use the records in order to refresh her memory, specifically as to the amounts she paid for Mack's medication. The trial court, determining that the records were unsubstantiated and therefore irrelevant, refused the introduction of the records, which Evans argues was in error.
The trial court stated that the records, which were not substantiated by any supporting documents such as receipts, cancelled checks or bills, would have "no weight with me but you're welcome to refresh her memory ... It's not proving anything." A trial judge's assessment of the probative value of evidence is afforded great weight. Green v. Claiborne Elec. Co-op., Inc., 28,408 (La.App. 2d Cir.06/26/96), 677 So.2d 635. In the absence of a clear abuse of discretion in assessing the probative value of evidence, the ruling of the trial court will not be reversed on appeal. Id. at 639. Considering that the trial court would give no weight to evidence that was merely the self-serving notes of Evans with no documents to substantiate same, we cannot find that it was a clear abuse of discretion not to admit the records. Further, the trial transcript shows that the trial court was *736 willing to allow Evans the use of the records in order to refresh her memory, so any argument that the trial court erred in not allowing her to do so is clearly without merit.

CONCLUSION
For the foregoing reasons, the Judgment of the trial court is affirmed at Evans' cost.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, KOSTELKA, and DREW, JJ.
Rehearing denied.
NOTES
[1] This matter was previously before this court in Mack v. Evans, 33,823 (La.App. 2d Cir.04/07/00), 756 So.2d 1270, writ denied, XXXX-XXXX (La.08/31/00), 766 So.2d 1281, which appeal we dismissed as premature, remanding the case to the trial court for consideration of the motion for new trial on its merits. The instant appeal follows the denial of the motion for new trial by the trial court and is now properly before this court.
[2] To prove a matter by "clear and convincing" evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. In re Succession of Poland, 34,291 (La.App. 2d Cir.04/04/01), 784 So.2d 701, citing, Succession of Bilyeu, 28,701 (La.App. 2d Cir.09/25/96), 681 So.2d 56, writ denied, 96-2868 (La.01/24/97), 686 So.2d 862.
[3] Although the Opinion states both the donation and the power of attorney are void on the grounds of fraud, the Judgment only addresses the nullity of the donation. Thus, we only address the nullity of the donation in this opinion, because an appeal lies from the judgment itself and not the reasons for judgment. See, Kirkham v. Pumphrey, 34,349 (La.App. 2d Cir.12/20/00), 775 So.2d 634, writ denied, 2001-201 (La.03/30/01), 788 So.2d 1191.